### No. 2,330

SILAS B. EMERSON, APPELLANT, *v.* THE COUNTY OF SANTA CLARA, RESPONDENT.

INSTRUCTION TO JURY.—DISOBEDIENCE OF.—A verdict of a jury, in disobedience to the instructions of the Court, although the instruction itself was not correct in point of law, is a verdict "against law," under subdivision 6, Sec. 193, Pr. Act.

IDEM.—RIGHT TO EXCEPTION ON REFUSAL OF.—Counsel have a right to propound to the Court, in a jury trial, a proposition of law, as an instruction to the jury, and is entitled either to have it given, or to have an exception entered of record for its refusal. If the instruction is given as asked, he cannot have an exception, having obtained the benefit of the instruction in the deliberation of the jury; hence, the jury must obey the instruction, else counsel is left as if he had presented none.

| 40 | 543 |
| 79 | 321 |
| 40 | 543 |
| 92 | 391 |
| 40 | 543 |
| 105 | 517 |
| 40 | 543 |
| 114 | 104 |
| 40 | 543 |
| 121 | 378 |

IDEM.–*Per* CROCKETT, J., DISSENTING.–When it is apparent that the instruction, disregarded by the jury, was erroneous, and the verdict is in other respects proper, and no injury has been done the party, or can result, from the error complained of, the verdict should not be set aside as " against law."

APPEAL from the District Court of the Third Judicial District, County of Santa Clara. Action for recovery of damages, caused by laying out a public road through appellant's land. Tried before a jury, with a series of instructions from the Court. Judgment for the plaintiff (appellant) for six hundred dollars.

Plaintiff appeals from the judgment and order, denying a new trial, alleging among other causes, that the jury disregarded certain of the instructions given it by the Court·

The further statement of the case, appears in the opinion of the Court.

*Frs. E. Spencer*, for Appellant.

The jury in rendering a verdict for only $600, utterly disregarded the instructions of the Court, as applied to facts admitted by the pleadings and the evidence in the case.

*D. M. Delmas*, for Respondent.

*First*—A verdict regularly rendered can be set aside on two grounds only. 1. That the evidence is insufficient to justify it. 2. That it is against law. It is admitted that the jury disregarded the instruction of the Court, as to the expenses of removing and building fences.

But will a verdict be set aside for the bare reason that it is contrary to the instructions of the Court? The instruction which the jury disregarded here was not law, therefore the act of the jury is no ground for a new trial, if the verdict is correct. (3 Grah. and W. on N. Trials, p. 862; *Terry* v. *Sickles*, 13 Cal. 429.)

*Second*—A new trial will never be granted if justice has been done. (3 Grah. *(supra)*.

*Third*—Granting or refusing a new trial rests in the sound discretion of the Court, which presided at the hearing. Here

the Court refused the motion for a new trial, because, the verdict, as the Court believes, accords with the truth of the case. (*Hall* v. *Bark Emily*, 33 Cal. 525.)

WALLACE, J., delivered the opinion of the Court, RHODES, C. J., and TEMPLE, J., concurring: CROCKETT, J., dissenting:

It is admitted that the verdict was contrary to the instructions actually given by the Court, but it is said that it ought not to be disturbed because the instruction itself was not correct in point of law. A verdict of a jury in disobedience to the instructions of the Court upon a point of law is a verdict " *against law*," within the meaning of Subdivision 6, Sec. 193, of the Practice Act, and for that reason should be set aside without further consideration. It matters not if the instruction disobeyed be itself erroneous in point of law; it is, nevertheless, binding upon the jury, who can no more be permitted to look beyond the instructions of the Court to ascertain the law than they would be allowed to go outside of the evidence to find the facts of the case.

When counsel engaged in a jury trial propound to the Court a proposition of law, in the form of an instruction to the jury, he has a right to have the instruction given or an exception entered of record for its refusal. He cannot be fairly deprived of both these rights. It is certain, however, that if the instruction be given as asked, he cannot have an exception, because he is supposed to have obtained the benefit of the instruction in the deliberation of the jury. Now, if the latter may, when they come to consider of their verdict, overrule the Court upon the point of law and deprive the party of all benefit of the instruction itself, it would seem that he is, after the most diligent endeavor, left in the exact position of one who has altogether failed to present any instruction whatever for the consideration of the Court. The consequence of such a practice would be to fearfully impair the integrity of trials by jury. The question of law in theory supposed to have been settled

by the Court before the retirement of the jury, and upon the determination of which exceptions has been reserved, would not have been really determined at all (otherwise, at least, than as mere abstract propositions of law), for the jury would have the right, in their retirement, to review the opinion of the Court, and disregard his instructions, when they did not accord with their own notions of the law of the case, the law while thus appearing to have been settled by the Court in a particular way, would, in reality, have been determined by the jury in exactly the opposite way, and while the Court would read the verdict as the finding of fact, arrived at by applying the law as the Court had announced it, the verdict would, in reality, be but a reversal by the jury of the rulings of the Court, for the errors in point of law, which the jury were of opinion that the Court had committed. Such a practice should not, in my opinion, be countenanced here by an inquiry as to whether the below Court or the jury was mistaken in point of law in the particular case. We cannot consider that the jury well determined that which the law forbade them to attempt to determine at all, for the well known maxim is *ad questionem legis non respondent juratores,* etc. These views are supported by the cases of *Bunten* v. *Orient Mutual Ins. Co.* (4 Bosw. 262). and *Fleming* v. *Marine Ins. Co.* (4 Whart. 59).

Judgment and order reversed, and cause remanded for a new trial.

SPRAGUE, J., delivered no opinion.

CROCKETT, J., delivered the following dissenting opinion:

A majority of the Court, holds that the verdict should be set aside, and a new trial awarded, because the verdict was contrary to the instruction of the Court, even though it be conceded that the instruction be erroneous, and the verdict was in all other respects proper; and that, too, notwithstanding the Court below was satisfied with the verdict, and refused to disturb it.

I dissent from this conclusion. I concede, to the fullest ex-

Points decided.

tent, that it is the duty of the jury, to take the law from the Court, and if they violate that duty, and find a verdict contrary to an instruction, it should be set aside, unless it clearly appears, that the verdict was in other respects proper, and that the losing party has suffered no injury, by reason of a disregard by the jury of the instruction of the Court. Perhaps the injury would be presumed, unless the contrary clearly appeared. But when it is apparent, as in this case, that the instruction was erroneous, and ought not to have been given, and that the verdict was in other respects proper, and that the party has suffered no injury, and particularly, when the Court which tried the cause, is satisfied with the verdict, I can perceive no valid reason, why this Court should set aside the verdict, and remand the cause, in order that the District Court may go through the form of another trial, to result in a similar verdict and judgment. It is the province of the appellate Court to correct such errors as resulted or may have resulted in an injury to the appellant; but when it clearly appears that no injury has, or could have resulted from the error complained of, it is the constant practice of this Court, to refuse to disturb the judgment.

In my opinion this is a case of that character, and I see no reason for excepting it from the general rule.