[S. F. No. 6180.   Department One.—October 9, 1913.]

## W. J. O'NEILL, Respondent, v. UNION ASSURANCE SOCIETY, LIMITED (a Corporation), Appellant.

## W. J. O'NEILL, Respondent, v. LAW UNION AND ROCK INSURANCE COMPANY, LIMITED (a Corporation), Appellant.

FIRE INSURANCE—AUTO REPAIR SHOP—GASOLINE BROUGHT ON PREMISES IN AUTOMOBILES.—In an action on a fire insurance policy to recover for the loss of an auto repair shop from the ignition of gasoline emptied from the leaking reservoirs of an automobile brought in to be repaired, an instruction that the right of recovery is not affected by the presence on the premises, at the time of the fire, of any gasoline which came there in the reservoirs of automobiles, is not open to the criticism that it allows the jury to find for the plaintiff, although thousands of gallons of gasoline may have been brought into the building in the reservoirs of machines and thereafter emptied into gasoline tanks and kept stored in the building. The jury could not so misunderstand it.

ID.—NEGLIGENCE OF INSURED—WHETHER BARS RIGHT TO INSURANCE.—In such case an instruction that the insurance company is not relieved by the fact that the fire occurred through the negligence of the plaintiff or of a tenant of the building under him, is in conformity with the provision of section 2629 of the Civil Code, declaring that an insurer "is not exonerated by the negligence of the insured, or of his agents or others."

ID.—NUMBER OF AUTOMOBILES ON PREMISES—INSTRUCTION TOO FAVORABLE TO INSURER.—It was allowable under the policy for the insured

to keep and have more than one automobile on the premises at one time, and the fact that the court erroneously instructed the jury to the contrary does not make the verdict against law, or at all events, does not justify a reversal of a judgment in favor of the insured.

APPEAL from judgments of the Superior Court of Fresno County and from orders refusing a new trial.   H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

J. F. Riley, and George Cosgrave, for Appellants.

Sutherland & Barbour, and Chickering & Gregory, for Respondent.

SHAW, J.—In these actions the plaintiff sued to recover upon three policies of insurance issued to him, one of them by the Union Assurance Society, Limited, the other two by the Law Union and Rock Insurance Company, Limited.   In each of the cases the verdict was for the plaintiff and judgment was entered thereon.   Defendants each moved for a new trial and the motions were denied.   The appeals are from the judgments and from orders refusing new trials.   The two cases were tried upon the same evidence and the record presents them in one transcript.

The property insured and the fire which damaged and destroyed it were the same as those considered in the opinion this day filed in the two cases of *O'Neill* v. *Caledonian Ins. Co.* and *O'Neill* v. *American Ins. Co., ante,* p. 310, [135 Pac. 1121], S. F. No. 6179, in which the judgments and orders in favor of O'Neill were affirmed.   The three policies sued on in the two actions presented in the record in S. F. No. 6180 are of the same form as those involved in S. F. No. 6179.   The evidence is also substantially the same and the propositions of law presented and decided there are also involved in these actions.   The discussion and conclusions set forth in that decision are equally applicable here.   We refer to them, without repeating them, as a part of the opinion of the court applicable to these cases.   It is necessary, however, to discuss some additional points not presented in the other cases.

Instruction 16 stated that the right of plaintiff to recover was not affected by the presence on the premises, at the time of the fire, of any gasoline which *came into* the premises in the reservoirs of automobiles. In criticism of this instruction it is suggested that it would allow the jury to find for the plaintiff, although thousands of gallons of gasoline might have been brought into the building in the reservoirs of machines and thereafter emptied into gasoline tanks and kept stored in the building. The criticism is not based upon any facts or any evidence in the case. No such proceedings were shown. It is obvious that the instruction referred to the gasoline brought into the building in the reservoir of Warlow's machine at the time it was left for repairs and which was afterward drained out of the reservoir while it was being repaired. The jury could not have misunderstood it. This, as shown in the other opinion, was not a violation of the policy.

Instruction 17 stated that the insurance company would not be relieved by the fact that the fire occurred through the negligence of the plaintiff or of a tenant of the building under him. This is in conformity with the provision of section 2629 of the Civil Code, declaring that an insurer "is not exonerated by the negligence of the insured, or of his agents or others."

Instruction 6 stated to the jury that the policy allowed but one automobile to be stored or stabled on the premises and that if more than one was stored or stabled therein they should find for the defendant. The appellants contend that the verdict was against law because the jury must have disregarded this instruction, it appearing that a number of automobiles were contained in the building at the time of the fire. Under the principles stated in the former decision it was allowable for the plaintiff to keep and have more than one automobile in the premises at one time. The fact that the court erroneously instructed the jury to the contrary does not make the verdict against law, or at all events, does not justify a reversal of the judgment, since the presence of more than one automobile was clearly allowed by the policies in question. (*O'Neill* v. *Thomas Day Co.*, 152 Cal. 361, [14 Ann. Cas. 970, 92 Pac. 856].) These observations apply also to some other instructions which were too favorable to the defendants and which the jury apparently disregarded.

The rider in one of the policies did not contain the clause in the description providing that the premises might be used as an auto repair shop, nor the warranty contained in the other riders. The complaint alleged that this was a mutual mistake, that the policies had been issued by the company and another and different rider, not expressing the contract between the parties, had been accidentally attached thereto, and it asked that the policy be reformed accordingly. The court, upon this issue, found in favor of the plaintiff and ordered the reformation of the policy. We have examined the evidence on this subject and think that it was sufficient to sustain this finding. We do not deem it necessary to discuss it at length. The principal point made upon the proposition that the evidence is insufficient is that the agents of the insurance company, Shepard & Teague, were also the agents of O'Neill, and that their knowledge must be imputed to him. There is no warrant for this suggestion. As shown in the other opinion, they were the agents of the company and their only connection with O'Neill arose from the fact that he requested them as agents of the company to issue to him the policies of insurance upon the property.

Some other questions are presented but they are not of sufficient importance to require notice. We find no prejudicial error in the record.

The judgment and order appealed from in each of the above entitled cases are affirmed.

Angellotti, J., and Sloss, J., concurred.

Hearing in Bank denied.