[Civ. No. 2874. Third Appellate District.—May 6, 1925.].

HENRY R. RYSTROM, Respondent, v. SUTTER BUTTE CANAL COMPANY (a Corporation), Appellant.

[1] CONTRACTS — FAILURE TO FURNISH WATER — LOSS OF CROPS — INSTRUCTIONS.—In an action for damages for loss of crops due to the alleged failure of defendant to furnish water for irrigation purposes during certain specified years, as the result of which plaintiff's rice crop did not fill and mature as they would have had defendant delivered the quantity of water specified in its contract with plaintiff, error may not be predicated upon the refusal of the court to give one of defendant's requested instructions dealing with the quantity of water it was required to furnish to plaintiff, where the substance of such instruction is given elsewhere, in other instructions requested by defendant.

[2] ID.—MEASURE OF DAMAGES—ERRONEOUS INSTRUCTION—ABSENCE OF PREJUDICE.—In such action, it is error to instruct the jury that, in determining the amount of damage suffered, if they find from the evidence that plaintiff suffered damage by reason of defendant's failure to furnish the agreed amount of water during the

2. Measure of damages for breach of contract to furnish water for irrigation, notes, 19 L. R. A. (N. S.) 938; 31 L. R. A. (N. S.) 743. See, also, 15 R. C. L. 482.

years in question, they "are first to determine from the evidence the market value of the probable yield of rice from the land in each year if the water had been furnished as agreed, and . . . then deduct therefrom the reasonable cost of producing and marketing such crop; together with the reasonable market value of the crop actually produced," as only the "net" market value of the crop actually produced should be deducted; but the error in such instruction is not prejudicial to defendant.

[3] ID.—DISREGARD OF INSTRUCTIONS—VERDICT—APPEAL.—While the jury should conform to the instructions of the court upon matters of law, if it appears to the appellate tribunal that an instruction was erroneous, it will not disregard a verdict contrary to such erroneous instruction.

(1) 38 **Cyc.**, p. 1711, n. 19.   (2) 4 **C. J.**, p. 1029, n. 30; 40 **Cyc.**, p. 841, n. 91.   (3) 38 **Cyc.**, p. 1891, n. 70.

APPEAL from a judgment of the Superior Court of Butte County. H. D. Gregory, Judge. Affirmed.

The facts are stated in the opinion of the court.

Henry Ingram and W. H. Carlin for Appellant.

George F. Jones for Respondent.

PLUMMER, J.—Action by plaintiff to recover damages for loss of crops due to the alleged failure of defendant to furnish water for irrigation purposes during the years 1921 and 1922. Plaintiff had judgment, and the defendant's motion for a new trial being denied, the defendant appeals from the order and judgment entered in said action. It appears from the transcript that the defendant was under contract to furnish the plaintiff for irrigation purposes during the years mentioned 1.33 cubic feet per second of water for the use of plaintiff in the growing of rice. The plaintiff alleges that the defendant failed to furnish the water as contracted, and that, by reason of such failure, the plaintiff's crops of rice did not fill and mature as they would have had the quantity of water called for in the contract been furnished by the defendant to the plaintiff during the period of time when the rice on the plaintiff's lands was being culti-

3. See 24 **Cal. Jur.**, 889.

vated and grown; that as a result of the defendant's failure to furnish water, the plaintiff suffered damages in the total sum of $3,329.58. The cause was tried before a jury and a verdict returned in the sum of $2,500. This sum was thereafter reduced by the court by striking therefrom the sum of $500 to cover 17 acres of the rice lands belonging to the plaintiff not harvested on account of rains and, consequently, any losses suffered thereby could not be attributed to the defendant.

There is no real question presented as to the sufficiency of the testimony to sustain the verdict for the plaintiff. The argument addressed to us upon this point is based upon the alleged ground that the court misdirected the jury as to the proper method for calculating or estimating damages, and that because of such misdirection a new trial should be ordered. One of the questions presented is rather unusual in this, that the instruction, as given by the court, tended to restrict, rather than enlarge, the amount of damages which the jury would be authorized to award the plaintiff in the event that the jury found that the plaintiff was entitled to a verdict.

[1] The first assignment of error is that the court failed to give the following instruction: ''I instruct you that under the contract between plaintiff and defendant the latter was not required in the year 1921 or in the year 1922 to furnish to plaintiff all the water which he might desire to receive or use; it was only required to furnish to him through its gate in its canal on his lands water to the amount of 1.33 cubic feet per second; and, if it did furnish that amount at said place for either of said years, your verdict must be in favor of defendant for said year; and if defendant did furnish water at said place for both of said years, 1921 and 1922, your verdict must be in favor of defendant for both of said years.''

The reason assigned for the refusal of the court to give this instruction was that the substance of the instruction was given elsewhere. It is insisted that such is not the case. In this insistence the appellant must have overlooked two instructions given at the request of the defendant. They are numbers 3 and 4. Number 3 reads: ''I instruct you that under the contract existing between plaintiff and the defendant Sutter Butte Canal Company, plaintiff (de-

fendant) was required in the year 1921, and also in the year 1922, to furnish water to plaintiff through a gate at its canal in the amount of only 1.33 cubic feet per second flow, and, if defendant did so furnish said water during each and both of said years, plaintiff cannot recover and your verdict must be in favor of defendant.''

Number 4 reads: ''Under the contract between plaintiff and defendant, the latter was not required to furnish water during the irrigating season, even at the rate of 1.33 cubic feet per second continuous flow, unless such continuous flow in such amount would be reasonably necessary to plaintiff for the growing of the rice crop on his land.''

[2]   The defendant requested no instruction upon the measure of damages. The court, however, at the request of the plaintiff, gave the following: ''You are instructed that in determining the amount of damage in this case, if you find from a preponderance of the evidence that any damage has been caused to the crop growing upon the land of the plaintiff in 1921 and 1922, or in either of said years, by reason of the failure of the defendant to supply water as agreed under the terms of the contract entered into between the parties in this case, if you find from the evidence that it failed to deliver water as agreed in either or both of said years, you are first to determine from the evidence the market value of the probable yield of rice from the land in each year if the water had been furnished as agreed, and you should then deduct therefrom the reasonable cost of producing and marketing such crop; together with the reasonable market value of the crop actually produced.''

It is earnestly insisted by the appellant that this instruction is not a full and correct statement of the law for ascertaining damages when applied to the instant case. With this contention we agree. The latter portion of the instruction should have read: And you should then deduct therefrom the reasonable cost of producing and marketing such crop, and also deduct therefrom the net market value of the crop actually produced. As the instruction was given the jury was authorized to deduct from the reasonable market value of the crop that should have been produced the cost of producing and marketing the same, and also the total income received from the crop that was actually produced. It is evident that if the rule announced by the court

were strictly followed the jury would twice deduct, from, the damages allowed, the cost of production. It is apparent that the court and counsel, in the preparation and giving of the instruction under consideration, endeavored to follow the rule laid down in the case of *Teller* v. *Bay & River Dredging Co.*, 151 Cal. 209 [12 Ann. Cas. 779, 12 L. R. A. (N. S.) 267, 90 Pac. 942], where it is held that the measure of damages for the total destruction of a growing crop is the value of the crop in the condition it was at the time and place of destruction, less the cost of production, marketing, etc., and that, to determine the same, evidence is admissible of the probable yield and market value and that when the probable yield and market value are ascertained, the cost of production being deducted therefrom, the remainder would indicate the damages to be awarded by the jury. In applying this rule the court erred, after instructing the jury to deduct the cost of production of the whole crop, to again deduct the total value of the crop actually produced. In doing so, it lost sight of the fact that the value of the crop produced was not the net value, but out of the returns of the crop produced the plaintiff was entitled to pay the costs thereof. To show that this is the true rule, we will take the figures as presented by the appellant for the first year, which also show that the giving of the instruction, as worded by the court, was in favor of the defendant, and, therefore, there is no just ground for complaint. In inserting the calculations about to be set forth, we have accepted the figures presented by the appellant. The result differs only because the appellant has not, to our minds, exhibited complete accuracy as a mathematician.

The total area of the rice crop involved included 71 acres. The testimony, which we are accepting, shows for the year 1921 a yield of 35 sacks per acre, or a total yield of 2,485 sacks. The accepted value of this rice for that year, by both parties, is the sum of $2.75 per sack, which gives the total value of the rice that would have been produced for the year 1921 of $6,833.75. The testimony set forth by the appellant in its calculations fixes the cost of production at $35 per acre, which gives a total cost for the year 1921 of $2,485. This sum deducted from what should have been the value of the total yield, leaves $4,348.75, as the net value of the crop that should have been harvested by the plaintiff

during the year 1921, had sufficient water been furnished by the defendant to permit of the rice field yielding a full crop. During the year 1921 the plaintiff actually harvested 1,795 sacks of rice and marketed the same at the above price of $2.75 per sack, receiving the total sum of $4,936.25, out of which, however, he had to pay the total cost of production, which, we have seen, amounted to the sum of $2,485, leaving a net profit, of $2,451.25. This sum, deducted from the $4,348.75, which should have been his net profit, leaves $1,897.50 as the net loss for the year 1921. A like process of reasoning and figuring shows the loss on the 54 acres for the year 1922 at about the sum of $1,100. For the year 1922, however, different figures are accepted, as presented by the appellant, as follows: Cost of production per acre $35, yield per acre 25 sacks, market value per sack $2.10. It thus appears that, had the rule been correctly stated as to the deductions to be made by the jury, the testimony presented by the appellant's own figures, would have justified a verdict against the defendant in the sum of about $3,000, assuming, as we must, from the verdict of the jury that the shortage of the crop was due to defendant's failure to furnish water according to its contract.

[3] Notwithstanding this situation, the defendant strongly insists that even though the jury did not follow the erroneous rule laid down by the court, and arrived at a verdict less in amount than it might have found, under the testimony, had it followed the rule setting forth the true measure of damages, a new trial should be granted, irrespective of the fact that the erroneous instruction was favorable to the defendant. That this was once declared to be the law appears in one or two of the earlier California cases, but the decisions so declaring have long since been discredited. A number of cases might be cited, but the following quotation from *Tousley, v. Pacific Elec. Ry. Co.,* 166 Cal. 457 [137 Pac. 31], is sufficient to show the rule now followed, and the one which should be followed in all such cases: ''It is claimed that the verdict and special verdict are against law simply because they are in violation of two certain instructions given to the jury on the question of contributory negilgence. It is manifest from a reading of these instructions that they could in no degree have prejudiced defendant's cause. An objection of this character

assumes that an instruction relied on is not correct as matter of law, but that under it the party objecting was nevertheless entitled to a verdict, and that for the failure of the jury to observe it, he is entitled to a reversal. This was the rule declared by this court in *Emerson* v. *County of Santa Clara,* 40 Cal. 543, and one or two subsequent cases. This rule has been entirely discredited and overruled in later cases. The rule now is 'that while the jury should conform to the instructions of the court upon matters of law, if it appears to the appellate tribunal that an instruction was erroneous, it will not disregard a verdict contrary to such erroneous instruction.' (See *O'Neill* v. *Thomas Day Co.,* 152 Cal. 357 [14 Ann. Cas. 970, 92 Pac. 856].) 'The fact that the court erroneously instructed the jury to the contrary does not make the verdict against law.' (*O'Neill* v. *Law Union etc. Co.,* 166 Cal. 318 [135 Pac. 1124].)'' Irrespective of the decisions of the supreme court just referred to, we think that section 4½ of article VI of the constitution applies to this case, in that it directs that ''no judgment shall be set aside, or new trial granted, in any case, on the ground of misdirection of the jury, . . . unless, after an examination of the entire cause, etc., the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice.'' It is apparent, from what we have said that the error complained of in this case did not and could not have produced a miscarriage of justice.

We agree with the appellant that in making the deduction for the 17 acres not harvested the judgment should have been reduced in the sum of $606 instead of in the sum of only $500. It follows from what has been said that the judgment should be modified by striking therefrom the further sum of $106, and in all other respects should be affirmed. It is therefore ordered that the judgment appealed from be modified by striking therefrom the sum of $106, and affirmed as to all other matters. The appellant will be allowed its costs on appeal.

Hart, J., and Finch, P. J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 5, 1925, and the following modification of opinion was then rendered:

THE COURT.—On petition for rehearing, a re-examination of the transcript discloses that the order striking $106 from the judgment should not have been made. It was based upon the following state of facts: The trial court reduced the judgment allowed by the jury in the sum of $500, for and on account of the failure of plaintiff to harvest 17 acres of rice, and the jury was not instructed to deduct that acreage in considering the amount of damages to be awarded. The plaintiff actually harvested, as disclosed by the record, 17 sacks of rice per acre on the remainder of the land. Upon the same basis the 17 acres would have produced 289 sacks of rice at the admitted price of $2.10 per sack, aggregating a total of $606. This was the sum which this court found should have been deducted from the total judgment. In making this calculation and the order based thereon, the cost of harvesting, threshing, sacking, and marketing was overlooked. These items would have reduced the total sum below the amount directed to be stricken from the judgment by the trial court. A statement of these facts is all that is necessary to show that the deductions made by the trial court should remain as fixed by said court.

It is therefore ordered that the last paragraph of the opinion heretofore filed in this cause be stricken therefrom, that the order modifying the judgment of the trial court be vacated and set aside and the following entered in lieu thereof: It is hereby ordered that the judgment of the trial court be, and the same is hereby affirmed, and that the respondent recover his costs on appeal herein.

Appellant's petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 3, 1925.

All the Justices present concurred.