[Civ. No. 23623.   First Dist., Div. Three.   June 20, 1967.]

I. A. SOLIS, Plaintiff and Respondent, v. COUNTY OF CONTRA COSTA, Defendant and Appellant.

[Civ. No. 23624.   First Dist., Div. Three.   June 20, 1967.]

VINCENTE A. MOVIDA, Plaintiff and Respondent, v. COUNTY OF CONTRA COSTA, Defendant and Appellant.

(Consolidated Cases.)

Carlson, Collins, Gordon & Bold, George R. Gordon and John E. Waltz for Defendant and Appellant.

Molinari, Casalnuovo & Berger and Joseph L. Casalnuovo for Plaintiffs and Respondents.

SALSMAN, J.—Appellant Contra Costa County appeals from judgments in favor of respondents I. A. Solis and Vincente A. Movida based on claims for damages for the county's negligent spraying of weed killer onto their tomato crops.

Appellant's contentions on appeal are: 1) that respondents' claims were not timely filed; 2) that the trial court erred in vacating its findings of fact and conclusions of law and substituting new findings and conclusions, and 3) that the trial court did not use the proper measure of damages in measuring respondents' loss. None of these contentions, to the extent that it is supported by the record, compels reversal of the judgment, and we therefore affirm.

In 1956 Movida and Solis were lessees of separate but adjoining parcels of land in Contra Costa County used to grow tomatoes. Movida's parcel was about three acres, and Solis' parcel about two and one-half acres.

In June 1956 county employees sprayed Pine Creek, immediately adjacent to respondents' tomato patches, with weed killer. Some of the chemical spray was blown over the tomato plants and settled upon them. Both tomato crops were damaged.

On September 6, 1956, respondents filed claims for damages with the county. They were rejected. Suit was filed. Trial took place before the court in November 1961. The court denied recovery on all theories of liability such as dangerous and defective condition of land, nuisance, trespass and inverse condemnation, but on the issue of negligence the court sus-

pended judgment in accordance with section 22.3 of the Civil Code.

On September 14, 1962, the court filed findings of fact and conclusions of law, finding among other things that the incident complained of by respondents was known to them on June 6, 1956. No objection was made to these findings.

The trial court conducted further hearings in 1965 and on February 7, 1966, filed a memorandum decision reaffirming the findings and conclusions filed September 14, 1962, with the important exception that the date of damage to respondents' crops was found to be June 11, 1956, rather than June 6, 1956, as previously found. The court then assessed Movida's damages at $7,000 and Solis' at $4,000 and signed a judgment on March 14, 1966.

█ Appellant first asks: Does the evidence support the finding that respondents' claims were filed within the time prescribed by law? We answer that it does.

In 1956, at the time respondents' crops were damaged, the applicable statute required that claims against the county be filed within ninety (90) days. Respondents' claims were filed on September 6, 1956, which indicates that their claims, to have been timely filed, must have accrued on or after June 9, 1956.

The burden was upon respondents to establish timely compliance with the claims statute. (*Natural Soda Products Co.* v. *City of Los Angeles,* 23 Cal.2d 193 [143 P.2d 12].) Generally, the statute of limitations begins to run against a claimant at the time the act giving rise to the injury occurs rather than at the time of discovery of the damage. (*Lambert* v. *McKenzie,* 135 Cal. 100, 103 [67 P. 6].)

As we have seen, the trial court found that respondents' crops were damaged on June 11, 1956. There is evidence to support this finding. Movida testified that the damage occurred on the last day of the county's spraying operation, and that the day was very windy. The county's records show that the last day of its spraying operations in the area of respondents' property was June 11, 1956. Thus there is evidence from which the trial judge could find that the damage took place June 11, 1956, and therefore that respondents' claims were filed within the 90-day period required by the statute then in effect.

█ Appellant next asserts that it was error for the trial court to vacate its findings of fact and conclusions of law, made September 14, 1962, and substitute new findings and

conclusions in February 1966, particularly in the absence of any objection to the original findings. This contention is without merit. The trial judge has complete control over the findings until the judgment is entered. He may change or alter previous findings and conclusions on his own motion (*Smith* v. *Sharp,* 70 Cal.App. 336, 350 [233 P. 374]; *Hume* v. *Lindholm,* 85 Cal.App. 80, 84 [258 P. 1003]) in order to make them reflect his view of the facts and the law. (See also 2 Witkin, Cal. Procedure (1954) Trial, § 108, p. 1839 and cases cited.) Of course, when the judgment is signed and entered, the trial judge's power to control the findings has been exhausted (*Hole* v. *Takekawa,* 165 Cal. 372, 375 [132 P. 445]) and thereafter his authority is limited to the correction of clerical errors, and the exercise of the powers granted him on a motion for a new trial pursuant to Code of Civil Procedure section 662.

Here, at the time the trial judge revised his findings no judgment had been entered, and he still retained full control of the action. The finding ultimately made rests squarely upon evidence in the record. Under long-established rules the finding cannot be successfully challenged on the ground that the trial judge had no power to make it.

■ Appellant's final contention is that the trial court did not apply the proper rule by which to measure damages for the partial destruction of respondents' crops. It contends that the proper measure of damage for the partial destruction of growing crops is the difference between the market value of the crop destroyed and the cost of producing the crop. Appellant argues that only one-third of Movida's three acres was affected by the chemical spray and that the loss in the affected area amounted to an average of one-third of the crop. Appellant then applies these factors to Movida's estimated gross income of $17,000, and concludes that his crop loss amounted to $1,888.89. From this latter figure appellant then deducts the sum of $1,000 as the pro-rata cost of production in the area damaged and concludes that Movida's net loss amounts only to $888.89. In like manner, but using Solis' figures of $12,000 expected gross income, and $7,000 as his cost of production, appellant calculates the latter's loss at $100.

The correct rule for the measurement of damages for the partial destruction of a growing crop was discussed in *Rystrom* v. *Sutter Butte Canal Co.,* 72 Cal.App. 518, 522-523 [249 P. 53]. In that case a growing crop of rice had been damaged. The court pointed out that estimated costs of pro-

duction must first be deducted from expected gross receipts to arrive at the expected net profit. Next, the court said, actual cost of production must be deducted from actual receipts to arrive at actual net profit. Finally, deducting actual net profit from expected net profit fixes the actual damage.

We think the formula adopted in *Rystrom* is correct and applicable here. While we cannot say with certainty that it was the rule used by the trial court in this case, the amount awarded is supported by the evidence, considered in light of the *Rystrom* rule. Thus, Movida estimated his gross income from a sound crop at between $16,000 and $22,000, and his expenses to be between $8,000 and $9,000. His income tax return showed his cost of production to be $4,815. His actual return was $5,900. Using these figures in combinations most favorable and least favorable to Movida shows a maximum loss of $17,000 and a minimum loss of $5,985. The trial court fixed his damage at $7,000—which of course falls within the range of the evidence.

Respondent Solis estimated his gross receipts for a good crop would have been $12,000—less expenses of $7,000 to $8,000. His actual gross was $5,000 and actual expense $7,500. The formula of *Rystrom* shows that Solis' maximum loss was $7,500 and his minimum loss was $6,500. The court awarded him only $4,000, an amount obviously below the minimum derived from the evidence by use of *Rystrom's* rule. But any error in this respect has been waived by Solis because he has not appealed.

The judgments are affirmed.

Draper, P. J., and Brown (H. C.), J., concurred.