[Civ. No. 35935. First Dist., Div. Two. May 3, 1976.]

ORRIN IVAN CARR, JR., et al., Plaintiffs and Appellants, v.
THE STATE OF CALIFORNIA et al., Defendants and Respondents.

140

**COUNSEL**

Grunsky, Pybrum, Skemp & Ebey, Frederick H. Ebey, Britton & Jackson and James A. Jackson for Plaintiffs and Appellants.

Harry S. Fenton, John P. Horgan, Robert J. DeFea, Robert E. Brown, David L. Schreck, Donald J. Sullivan and Karl H. Schmidt for Defendants and Respondents.

**OPINION**

**KANE, J.**—This is an appeal from the trial court's judgment denying a petition for leave to present a late claim, pursuant to Government Code[1] sections 911.4 and 946.6.

The background facts disclose that on August 29, 1969, the minor appellants, Orrin Ivan Carr, Jr., ("Orrin"), Michael R. Carr ("Michael"),

---

[1]Unless otherwise indicated, all references will be made to the Government Code of California.

Gary Carr ("Gary"), and Steven Carr ("Steven") and their mother were injured in a multi-vehicle automobile accident on State Route 1 in Santa Cruz County, California. Appellants' mother died the same day as a result of her injuries.

On February 4, 1970, less than six months after the accident, Orrin I. Carr, appellants' father, filed a petition in the lower court for an order authorizing the compromise of certain claims that appellants had under the uninsured motorist provisions of the Carr's own automobile insurance policy. In that petition, Mr. Carr alleged that he was the natural guardian of appellants who resided with him. The court approved the compromise on February 6, 1970.

On February 2, 1972, almost two and a half years after the accident and nearly two years after the approval of the minors' compromise petition, appellants submitted to the State Board of Control an application for leave to present a late claim against respondents. After their application was denied on July 7, 1972, appellants filed a petition in the superior court to be relieved from the requirements of section 945.4 (cf. § 946.6). While admitting that they failed to file a timely claim within the statutory period required by section 911.2 and also a timely application to present a late claim (§ 911.4) appellants alleged that on August 29, 1969, and all relevant times thereafter, they were mentally incapacitated minors, without a guardian or conservator of their person within the purview of amended section 911.4, subdivision (b), and hence were entitled to relief. After a hearing at which extensive evidence was received, the trial court denied the petition.

On appeal, a two-pronged attack is launched against the trial court's judgment. First, it is contended that the California claims statute as applied to minors is violative of both the due process and equal protection clauses of the Constitution. Secondly, it is maintained that even if the constitutionality of the claims statute may be upheld, appellants are entitled to the relief sought because their physical and mental incapacity resulting from the accident tolled the time for filing a tort claim and as a consequence their application for a late claim should be considered timely. We find no merit to either argument and affirm the judgment.

■ *Constitutionality of Claims Statute:* Appellants' first assertion challenging the constitutionality of the California claims statute does not require extended discussion. The same issue was presented to us in

*Stanley* v. *City and County of San Francisco* (1975) 48 Cal.App.3d 575 [121 Cal.Rptr. 842], where the personal injury plaintiff, a minor, contended that the claims statute violated his due process and equal protection rights.[2] In harmony with an unbroken line of authorities (*Whitfield* v. *Roth* (1974) 10 Cal.3d 874, 889-890, fn. 20 [112 Cal.Rptr. 540, 519 P.2d 588]; *Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468, 481 [58 Cal.Rptr. 249, 426 P.2d 753]; *Dias* v. *Eden Township Hospital Dist.* (1962) 57 Cal.2d 502, 504 [20 Cal.Rptr. 630, 370 P.2d 334]; *Roberts* v. *State of California* (1974) 39 Cal.App.3d 844 [114 Cal.Rptr. 518]; *Bozaich* v. *State of California* (1973) 32 Cal.App.3d 688, 699 [108 Cal.Rptr. 392]; *Wadley* v. *County of Los Angeles* (1962) 205 Cal.App.2d 668, 672-673 [23 Cal.Rptr. 154]), we upheld the constitutionality of the claims statute on both grounds. We pointed out that where, as in California, the right to bring suit against the state is granted (Cal. Const., art. III, § 5), the state may impose conditions as a prerequisite to the commencement of the action against it and place limitations upon the enforcement of such action (*Fidelity & Dep. Co.* v. *Claude Fisher Co.* (1958) 161 Cal.App.2d 431, 436-437 [327 P.2d 78]). After a detailed analysis, we concluded that the claims statute defines with precision and clarity the respective rights and duties of both the individual claimants and public entities and, therefore, cannot be said to be unreasonable, arbitrary or vague so as to be subject to constitutional attack on due process grounds (*Stanley* v. *City and County of San Francisco, supra,* at p. 579). We likewise rejected plaintiff's equal protection argument and held that the classification made between governmental and non-governmental tort victims does have a fair and substantial relation to the object of the legislation, promotes a number of legitimate state interests and is thus in full conformity with the constitutional precepts of equal protection (*Stanley* v. *City and County of San Francisco, supra,* at pp. 580-581). It is to be noted that the constitutionality of the claims statute vis-a-vis minors has been upheld in a number of additional cases which, similar to *Stanley,* uniformly underline that in the absence of express statutory exception the claim procedures are applicable to minors and incompetents as well and are not violative of their constitutional rights (*Artukovich* v. *Astendorf* (1942) 21 Cal.2d 329 [131 P.2d 831]; *Hom* v. *Chico Unified Sch. Dist.* (1967) 254 Cal.App.2d 335 [61 Cal.Rptr. 920];

---

[2]In making this argument, appellants rely on cases in Michigan (*Reich* v. *State Highway Department* (1972) 386 Mich. 617 [194 N.W.2d 700]) and Nevada (*Turner* v. *Staggs* (1973) 89 Nev. 230 [510 P.2d 879, 59 A.L.R.3d 81]), both of which involve claims statutes distinguishable from the California scheme. The California courts, therefore, have declined to attribute any authoritative weight to them. (*Stanley* v. *City and County of San Francisco, supra,* p. 582; *Roberts* v. *State of California* (1974) 39 Cal.App.3d 844, 849 [114 Cal.Rptr. 518].)

*Wall* v. *Sonora Union High Sch. Dist.* (1966) 240 Cal.App.2d 870 [50 Cal.Rptr. 178]; *Goncalves* v. *S. F. Unified School Dist.* (1958) 166 Cal.App.2d 87 [332 P.2d 713]).

*Tolling of Statute of Limitations:* Appellants' alternative argument that due to their mental incapacity caused by the accident the time for filing a late claim was tolled (*Schulstad* v. *City and County of S. F.* (1946) 74 Cal.App.2d 105 [168 P.2d 68]; § 911.4, subd. (b)), cannot be accepted either.

It is undisputed that at the time of the accident and at all relevant times thereafter, section 911.2 allowed 100 days for the presentation of personal injury claims against the public entities.[3] If the claimant failed to comply with the 100-day statutory requirement, he was given an additional opportunity to file an application for a late claim. However, pursuant to section 911.4, such claim could be presented only within a reasonable time, not exceeding one year after the accrual of the cause of action.[4]

In the instant case, the cause of action against respondents accrued on August 29, 1969, the date of the accident (§ 901; *Solis* v. *County of Contra Costa* (1967) 251 Cal.App.2d 844, 846 [60 Cal.Rptr. 99]; *Wall* v. *Sonora Union High Sch. Dist., supra,* at p. 873). Consequently, appellants' claim should have been filed within 100 days, that is, no later than December 7, 1969. When the 100-day period specified in section 911.2 expired on December 7, 1969, appellants could have presented an application for leave to present a late claim under section 911.4. The last date for filing a late claim would have been August 28, 1970. If the application for a late claim had been presented on or before the latter

[3]Section 911.2 provides that "*A claim relating to a cause of action* for death or *for injury to person* or to personal property or growing crops *shall be presented* as provided in Article 2 (commencing with Section 915) of this chapter *not later than the 100th day after the accrual of the cause of action.* A claim relating to any other cause of action shall be presented as provided in Article 2 (commencing with Section 915) of this chapter not later than one year after the accrual of the cause of action." (Italics added.)

[4]At the time of the accident and up to November 1970, section 911.4 provided that "(a) When a claim that is required by Section 911.2 to be presented not later than the 100th day after the accrual of the cause of action is not presented within such time, a written application may be made to the public entity for leave to present such claim.

"(b) *The application shall be presented* to the public entity as provided in Article 2 (commencing with Section 915) of this chapter *within a reasonable time not to exceed one year after the accrual of the cause of action* and shall state the reason for the delay in presenting the claim. The proposed claim shall be attached to the application." (Italics added.)

date, appellants, because of their minority, would have been entitled to relief as a matter of law (§ 911.6; *Tammen* v. *County of San Diego, supra,* at pp. 479-480; *Hom* v. *Chico Unified Sch. Dist., supra,* at pp. 338-339). In the face of the clearcut statutory requirement the record reveals that appellants did not file their application for a late claim until February 2, 1972, almost two and a half years after the accrual of their cause of action.

It requires no lengthy discussion to see that appellants' failure to comply with the claims statute in a timely fashion is fatal to their cause. It is established beyond controversy that the timely filing of a claim is a prerequisite to the maintenance of an action and that the claim filing requirement is applicable to minors (§ 945.4;[5] *Artukovich* v. *Astendorf, supra; Ridley* v. *City etc. of San Francisco* (1969) 272 Cal.App.2d 290, 292 [77 Cal.Rptr. 199]; *Goncalves* v. *S. F. Unified School Dist., supra,* at p. 89; *Hom* v. *Chico Unified Sch. Dist., supra,* at pp. 338-339). These principles, of course, impel the conclusion that the filing of appellants' application well after the prescribed time limit deserved no legal consideration and appellants' right to bring an action against respondents was effectively barred at the end of the one-year statutory period.

■ Appellants' argument that the one-year statute of limitations laid down in section 911.4 was tolled in the case at bench because appellants' failure to comply with the statute was due to their mental incapacity tortiously caused by respondents (*Schulstad* v. *City and County of S. F., supra*) is unavailing for several reasons.

First, *Schulstad,* upon which appellants primarily rely, was decided in 1946, well before the enactment of the California Tort Claims Act and was founded on the general principle that "No one can take advantage of his own wrong" (Civ. Code, § 3517). By contrast, the claims statute was enacted in 1963 as special legislation and prescribes without qualification that prior to bringing a tort action against a public entity, whether by adult or minor, a claim must be filed no later than one year after the accrual of the cause of action (§ 911.4). It is blackletter law that where, as here, the terms of a later specific statute apply to a situation covered by

[5]Section 945.4 sets out that "Except as provided in Sections 946.4 and 946.6, *no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented* in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division *until a written claim therefor has been presented to the public entity* and has been acted upon by the board, or has been deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division." (Italics added.)

an earlier general one, the later specific statute controls (*County of Placer* v. *Aetna Cas. etc. Co.* (1958) 50 Cal.2d 182, 189 [323 P.2d 753]; *Rose* v. *State of California* (1942) 19 Cal.2d 713, 723-724 [123 P.2d 505]).

Second, in harmony with the aforestated premises, the cases decided between 1963-1970 unanimously hold that the filing of a claim no later than one year after the accrual of the cause of action is an absolute requirement and even the mentally incapacitated minor forfeits his right to bring an action against a public entity if he fails to file his claim within the allowed period (*Moyer* v. *Hook* (1970) 10 Cal.App.3d 491 [89 Cal.Rptr. 234]; *Hom* v. *Chico Unified Sch. Dist; Wall* v. *Sonora Union High Sch. Dist.,* both *supra*).

Third, the court in *Schulstad* expressly limited its holding to cases "in which the plaintiff is rendered incapable of filing the claim in time by the tortious injury for which he seeks to recover" (p. 109; see also: *Goncalves* v. *S. F. Unified School Dist., supra,* at p. 89; *Price* v. *Mt. Diablo Unified School Dist.* (1960) 177 Cal.App.2d 312, 314 [2 Cal.Rptr. 23]). In the case at bench, the trial court specifically found that each appellant was mentally capable or competent by February 1, 1971. An independent review of the record is persuasive that the finding of the trial court is supported by the requisite substantial evidence.

Appellants' final contention is predicated on the 1970 amendment of section 911.4. Effective November 23, 1970, section 911.4, subdivision (b), was supplemented by a clause providing that while minority per se does not toll the one-year statute of limitations, the time during which the minor is mentally incapacitated and does not have a guardian of his person does have a tolling effect on the claim filing statute and shall not be counted.[6] Relying on these provisions, appellants maintain that they had been continuously incapacitated from the time of the accident through the presentation of their application and that they had no guardian of their person during the aforesaid period. This argument must fail since the amendment in question may not be vested with retroactive effect and therefore is inapplicable to the present case.

---

[6]The 1970 amendment provides: "*In computing the one-year period* under this subdivision, *time during which the person* who sustained the alleged injury, damage, or loss *is a minor shall be counted, but the time during which he is mentally incapacitated and does not have a guardian* or a conservator *of his person shall not be counted.*" (Italics added.)

█ It is well settled that no statute is to be given retroactive effect unless the Legislature has expressly so declared and this rule is not altered by the requirement that a statute be liberally construed to effect its objects and promote justice. The Legislature is, of course, well acquainted with this fundamental rule and when it intends a statute to operate retroactively, it uses clear language to accomplish that purpose (*Balen* v. *Peralta Junior College Dist.* (1974) 11 Cal.3d 821, 828 [114 Cal.Rptr. 589, 523 P.2d 629]). The rule to be applied is the same with respect to all statutes and none of them is retroactive unless the Legislature has expressly so declared. Accordingly, the legislative intent in favor of retrospective operation of a statute cannot be implied from the fact that the statute is remedial and subject to the rule of liberal construction (*DiGenova* v. *State Board of Education* (1962) 57 Cal.2d 167, 173-174 [18 Cal.Rptr. 369, 367 P.2d 865]; *Aetna Cas. & Surety Co.* v. *Ind. Acc. Com.* (1947) 30 Cal.2d 388, 395 [182 P.2d 159]).

█ It is beyond dispute that the amendment at issue which took effect November 23, 1970, is entirely silent with regard to its retroactivity, and similarly no legislative history has been presented to show that a retrospective application of the amendment was intended by the Legislature. Under these circumstances, we are powerless to declare that the amendment in question carries retroactive effect and relates back to events which took place well before its enactment.

But the foregoing considerations aside, we believe there is another reason why the amendment at issue must be held inapplicable in the case at bench. The law is well settled that statutes of limitation relate only to the remedy and may be altered or repealed before, but not after, the statutory bar has become complete, so as to defeat the effect of the statute in extinguishing the rights of action (*Chambers* v. *Gallagher* (1918) 177 Cal. 704, 708 [171 P. 931]; see also: *Douglas Aircraft Co.* v. *Cranston* (1962) 58 Cal.2d 462, 465 [24 Cal.Rptr. 851, 374 P.2d 819, 98 A.L.R.2d 298]; *Evelyn, Inc.* v. *California Emp. Stab. Com.* (1957) 48 Cal.2d 588, 592 [311 P.2d 500]). Or to put it another way: the limitation period may be extended only before its expiration, not thereafter; and after the limitation statute has run, the prospective defendant gains immunity from liability (*Singer Co.* v. *County of Kings* (1975) 46 Cal.App.3d 852, 866 [121 Cal.Rptr. 398]; 2 Witkin, Cal. Procedure (2d ed.) § 244, at p. 1100). In the case at bench, the statute of limitations with regard to appellants' late claim had run on August 28, 1970. On that date, appellants' right to bring an action was extinguished and respondents gained immunity from any potential liability. The amendment at issue

which took effect several months after the extinction of appellants' right to bring an action did not, and could not, resurrect the claims already barred (cf. *Price* v. *Mt. Diablo Unified School Dist., supra; Fonseca* v. *County of Santa Clara* (1968) 263 Cal.App.2d 257, 263 [69 Cal.Rptr. 357]).

Appellants' reliance on *Olson* v. *Hickman* (1972) 25 Cal.App.3d 920 [102 Cal.Rptr. 248], is obviously misplaced. In *Olson,* the change in the statute was effected during the pendency of the action and accordingly the court laid down the rule that "A lawsuit is governed by a change in procedural rules made during its *pendency* . . ." (p. 922; italics added). By contrast, in the case at bench, appellants failed to initiate the claim procedure prior to the expiration of the one-year statute of limitations and when the statute was amended effective November 23, 1970, no action whatsoever was pending against respondents.

In view of our conclusion, it is unnecessary to decide whether the amendment in question was inapplicable for the additional reasons that Mr. Carr, the father of appellants, did act as a guardian of a person within the meaning of the statute and that, as noted above, the record abundantly established that appellants were not mentally incapacitated during the claim filing period.

The judgment is affirmed.

Taylor, P. J., and Rouse, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 1, 1976.