[No. 9928.   Department Two. — April 26, 1888.]

STEPHEN WUNDERLIN, APPELLANT, v. J. J.
CADOGAN ET AL., RESPONDENTS.

CHANGING FINDINGS OF FACT — NOTICE. — Even if the trial court has power
to substitute other findings of fact for those which have been signed and
filed (which is doubted), it cannot be done without notice to the parties
interested.

ID. — ABSENCE OF DEFENDANT FROM THE TRIAL. — The fact that the defendant
was not represented at the trial does not excuse the want of such notice.

PROCEEDINGS IMPROVIDENTLY AND UNINTENTIONALLY MADE — PRESUMPTION.
— While a court has power to set aside orders and judgments improvi-
dently and unintentionally made, yet a given order or judgment will not
be presumed on appeal to have been of that character. The fact must
be affirmatively shown. And *it seems* that a recital that the order was
made "under a misapprehension" is not a sufficient showing of the fact.

APPEAL from an order of the Superior Court of the
city and county of San Francisco setting aside the find-
ings and a judgment.

The facts are stated in the opinion.

*George W. Tyler, W. B. Tyler,* and *D. H. Whittemore,*
for Appellant.

The court had power to amend its findings without
notice to the adverse parties. (*Hayes* v. *Wetherbee,* 60
Cal. 399; *Bosquet* v. *Crane,* 51 Cal. 505; *Condee* v. *Barton,*
10 Pac. C. L. J. 323.)

*Olney, Chickering & Thomas, Matt. I. Sullivan,* and
*A. J. Le Breton,* for Respondents.

HAYNE, C. — This is an appeal from an order setting
aside certain findings, and a judgment which had been
entered thereon.

It appears that the case was tried and findings signed
and filed. Upon the facts stated in these findings, all
of the defendants were entitled to judgment. Subse-
quently, and upon the consent of certain of the defend-
ants, but without notice to the others, the court set aside

the findings first filed, and substituted others in their place. This second set of findings contained the following:—

"The clerk of said court will not enter judgment upon the original findings herein, filed July 31st, *as the same were made under a misapprehension.*" Judgment was entered upon the last set of findings in favor of the defendants, who consented to the change of the findings, and against those who were not notified of said change. These latter, after the lapse of more than a year from the entry of the judgment, moved, upon notice, to have the judgment and the second set of findings set aside. This motion was granted, and the appeal is from the order granting the motion.

It is to be observed that what the court did in the first instance was not merely to supply an omission in the findings first filed, or change the direction for judgment, but was to substitute one set of findings of fact for another. This we are inclined to think the court had no power to do. Even under the system of implied findings, where there was an express provision of statute for the supplying of omissions in findings, upon exception taken, it was held that it was not proper to substitute one finding of fact for another. (*Hidden* v. *Jordan,* 28 Cal. 304, 305; *Cowing* v. *Rogers,* 34 Cal. 652; *Prince* v. *Lynch,* 38 Cal. 531; 99 Am. Dec. 427.) And *a fortiori* would this seem to be so under the present system of findings where there is no such provision of statute. The remedy for erroneous findings of fact is by motion for new trial. And the relief to be given upon such motion is the awarding of a new trial to be had in regular course. It is not proper for the court upon a motion of that kind to immediately render a contrary decision. (*Mitchell* v. *Hackett,* 14 Cal. 661.) These rules rest upon the theory that the modes in which a decision may be reviewed are prescribed by statute, and that the court has no power to substitute other modes in their place.

The rules, however, do not prevent the court from correcting mere misprisions and orders improvidently and unintentionally entered. That a given order is of that unusual character is not to be presumed, but must be affirmatively shown.

It will be observed, in this connection, that the second set of findings state that the first set were made "under a misapprehension." It does not clearly appear what the misapprehension consisted in, or whether it was not a mere misapprehension of the effect of evidence; and therefore it is a close question whether the case falls within the rule of the exception above stated.

It is not necessary to determine this question, however; for if it be assumed that the court had power to set aside the findings as improvidently and unintentionally made, the defendants had a right to be heard upon the question; and the court had no power to proceed to annul the findings in their favor without notice to them. (See generally *Greehn* v. *Marker*, 67 Cal. 365.)

The fact that these defendants did not appear at the trial does not excuse the want of notice above referred to. As is well said by the learned judge of the court below, —

"The absence of defendant and his legal representatives from the trial does not entitle the plaintiff to take judgment against him as by default. Notwithstanding the failure of defendant to appear at the trial, if his answer contained a denial of any material allegation of the complaint, the plaintiff must make proof of that allegation by at least *prima facie* evidence. The defendant in such cases has a right to have the court pass upon the value of the evidence so offered; and if in the opinion of the court it does not amount to *prima facie* evidence of the truth of the controverted allegations, the defendant, although absent, would be entitled to have judgment entered in his favor. Such a judgment would undoubtedly be a judgment rendered in due course of law, and its force and effect would be as full and complete

as if the defendant had been present at the trial in person and by counsel."

The court therefore had no power to set aside the findings without notice to the parties interested, and its subsequent action was proper.

We therefore advise that the order appealed from be affirmed.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order appealed from is affirmed.