MERRILL, Respondent, *v.* MILLER, Appellant.

(No. 1,489.)

(Submitted March 18, 1903.   Decided May 4, 1903.)

*Pleading—Complaint—Allegation of Equity—Amendment—*
*Trial — Findings — Decree — Accounting — Appeal —*
*Correction of Error by Trial Court—Patents—Suit for Con-*
*veyance—Jurisdiction of State Court.*

1.  A suit to obtain a conveyance of an alleged interest in an invention, to
    enjoin defendant from disposing of plaintiff's interest therein, and to com-
    pel defendant to account for sums received by him for a sale to a third
    party of an interest therein—the sole issue being whether defendant had
    sold an interest in the machine to plaintiff—was not a suit arising under
    the patent laws, and the state court had jurisdiction thereof.
2.  A suit was brought to obtain a conveyance of an alleged interest in an
    invention, and to enjoin defendant from disposing thereof to a third party,
    based on an agreement to render mutual assistance in obtaining the patent.
    Plaintiff had procured loans of money in aid of the project, and negotiated
    a sale of an interest in the machine, the proceeds of which he and defend-
    ant agreed to use· in taking the machine to the Klondike and operating it.
    Defendant had violated the agreement, and refused to assign plaintiff any
    interest in the machine, and threatened to sell the same to a third party,
    and converted the money procured by the sale negotiated by plaintiff to
    his own use.  *Held*, it was not necessary for plaintiff to allege an offer to
    pay a proportionate part of the expense of applying for a patent in de-
    fendant's name.
3.  Where a complaint praying an accounting contained no allegation that
    the parties were partners, and there was no evidence to that effect, or that
    there were any profits from the project undertaken by them—the implica-
    tion from the complaint being that there were none—it was error to decree
    an accounting and judgment for plaintiff's interest in the profits.
4.  An assignment that the court erred in a finding will not be considered on
    appeal, where the court amended its finding, and there was no assignment
    that the amended finding was erroneous.
5.  It is not error for the trial court, at the time it heard and determined a
    motion for a new trial, on discovery that it had inadvertently and through
    obvious mistake made an error in favor of plaintiff in a conclusion of law,
    to amend the same with plaintiff's consent.
6.  It was not error for the court to permit an amendment to the complaint,
    after denial of a motion for nonsuit on plaintiff's evidence and before,
    judgment, where no hardship or surprise to defendant was shown, and
    where no change of the issue resulted.

*Appeal from District Court, Lewis and Clarke County; S. H.*
*McIntire, Judge.*

ACTION by Frank Merrill against Louis E. Miller. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Modified.

*Messrs. Clayberg & Gunn,* for Appellant.

In view of the allegations of the complaint, the opening statement of the attorney for the plaintiff to the jury, and the evidence introduced, the proposition that the plaintiff and defendant were joint inventors cannot be disputed. (*Ecaubert* v. *Appleton,* 67 Fed. 917-922; *Seymour* v. *Osborne,* 11 Wall. 552; *Lamson* v. *Martin,* 35 N. E. 78; *Washburn* v. *Gould,* 3 Story, 122; *Cahoon* v. *Ring,* 1 Cliff. 612.)

As the defendant and the plaintiff are joint inventors, and it is alleged and proven that the defendant has made an application for a patent in his own name, any patent issued on such application would be absolutely void. (*Slemmer's Appeal,* 98 Am. Dec. 248; *Kennedy* v. *Hazelton,* 128 U. S. 667; Walker on Patents (3d Ed.), Sec. 50; U. S. Rev. Statutes, Sec. 4892.)

As the patent to be issued on such application will be void under the showing made by the plaintiff, the court will not declare the defendant a trustee for the plaintiff of an interest in such patent, or direct the defendant to convey such interest. (*Kennedy* v. *Hazelton,* 128 U. S. 667; *Slemmer's Appeal,* 98 Am. Dec. 248.)

As the complaint was based upon the theory that the plaintiff and defendant were joint inventors, it was necessary for the court, in order to grant the relief demanded, to determine the question of whether or not the plaintiff and the defendant were joint inventors. Under such circumstances, the court had no jurisdiction of the case, as the case was one arising under the patent laws of the United States over which the circuit courts of the United States are given exclusive jurisdiction. (*Slemmer's Appeal,* 98 Am. Dec. 248; U. S. Rev. Statutes, Sec. 711.)

The finding that the plaintiff is entitled to an accounting of the profits made by the defendant out of the machine and in-

vention, and to a judgment for an interest therein is unauthorized. It is admitted that the defendant was the owner of an interest in the machine, invention, and patent which may be issued therefor. Under these circumstances he cannot be called upon to account. (*Dewitt* v. *Elmira Mfg. Co.,* 66 N. Y. 459; *Vose* v. *Singer,* 4 Allen, 226.)

Where there is an error in a finding of fact or conclusion of law it can only be corrected after judgment by granting a new trial. (*Hawxhurst* v. *Rathgeb* (Cal.), 51 Pac. 846; *Los Angeles Co.* v. *Lankershim* (Cal.), 35 Pac. 153; *Wunderlin* v. *Cadogan,* 75 Cal. 617; *Brady* v. *Burke,* 90 Cal. 1; *Smith* v. *Taylor,* 82 Cal. 533; *Pico* v. *Sepulveda,* 66 Cal. 336; *Bate* v. *Miller,* 63 Cal. 233; *Condee* v. *Barton,* 62 Cal. 1.)

The court erred in permitting the plaintiff to amend the complaint. (*Newell* v. *Meyendorff,* 9 Mont. 254; 1 Ency. of Pl. & Pr. Sec. 548, and cases cited.)

*Mr. R. R. Purcell,* and *Mr. T. J. Walsh,* for Respondent.

MR. JUSTICE MILBURN delivered the opinion of the court.

This is an appeal from the judgment, and from an order denying defendant's motion for a new trial. The complaint, before amendment, alleged that the plaintiff and the defendant on the 1st day of October, 1897, "agreed that they would assist each other in the development of an idea" for the construction of a machine to thaw frozen placer ground, and that, no such machine having been invented theretofore, they would apply for, and procure to be issued to them, letters patent from the United States for the invention, and that they should each own an undivided one-half interest in the machine and the patent; that, in accordance with the agreement, they forthwith proceeded to "develop the said idea" and construct a working model, and in so doing the plaintiff rendered valuable assistance, and procured parties to advance money to aid them; that about the 20th day of January, 1898, the model having been completed

by the joint efforts of the parties hereto, the defendant made
application to the government for a patent; that his application
for such patent was pending at the time of the commencement
of the suit; that the invention was very valuable and new, and
the principle involved novel; that the capacity of the machine
and its usefulness had never been determined, and that it had
no determined value; that it was difficult, if not quite impossi-
ble, to determine the actual value thereof; that the plaintiff
procured certain parties to advance sums of money for the pur-
poses aforesaid, and, the patent having been applied for, the par-
ties being desirous of raising additional funds to pay those there-
tofore advanced and to take the machine to the Klondike coun-
try, the plaintiff, acting under his original agreement with the
defendant, negotiated the sale of an undivided one-fourth in-
terest in the invention and machine to one William Tamkin,
who paid to the defendant $500 for such interest; that it was
agreed between the said Tamkin and the plaintiff that with part
of the said $500 a boiler should be purchased for the purpose
of operating the machine, and that Tamkin should, if the ma-
chine proved a success, advance, if necessary, $50,000 for the
purpose of building similar machinery and operating the same;
that the parties agreed upon the payment of the said $500 that
they should both go to the Klondike country and operate the
machine jointly, and that the plaintiff and the defendant should
use the balance of that sum for the purpose of taking themselves
and the machinery to said country; that the defendant con-
verted the $500 to his own use, and, having taken the machinery
to the city of Seattle, was at the time of the commencement of
the suit about to take the same to the Klondike country; and
that the defendant had refused, and always refused, to assign
and transfer to the plaintiff any interest in the machine, inven-
tion, or patent which is to be issued, and denied that the plain-
tiff had any right or interest in the invention or machine. Plain-
tiff further averred that the defendant threatened to sell and
dispose of the entire remaining three-fourths interest in the
said machine, invention, and patent to be issued thereon. The

defendant answered before amendment of the complaint, and denied all the material allegations of the complaint, except that he admitted the application for the patent, and that the invention was new and the principle novel, and that he had received the sum of $500, and used the same for his own benefit, but denied any wrongful conversion thereof. He further admitted that he refused to convey to the plaintiff any interest in the invention, machine, or patent, and declared that plaintiff never had any right, title, or interest in the machine, invention, or patent; denied that he was then threatening to sell the property, or any of it, but said that he had already done so before the commencement of the action.

Evidence having been introduced in support of the complaint, the defendant moved the court for an order of nonsuit, which was denied. The defendant excepted to this ruling, and stood upon his motion for a nonsuit; stating to the court that he did not desire to introduce any testimony, and consenting that the jury might be discharged. The plaintiff also consenting, the cause was tried by the court without a jury. Thereafter, but before the court made any findings or conclusions in the premises, the plaintiff moved to amend his complaint by inserting after the phrase, "development of an idea," the sentence, "which had been conceived by the defendant, who was a machinist;" and by modifying the sentence, "they would apply for and procure to be issued to them letters patent," so that it would read, "they would procure to be issued letters patent;" and by inserting after the word "defendant," in a certain paragraph, the sentence, "who was the sole inventor of the same," referring to the "model machine" alleged by plaintiff to have been "completed and constructed by the joint and united efforts of the parties hereto." These amendments were made by leave of court; the defendant duly excepting, and saving an exception to the order of the court granting such leave. The record does not show the ground of objection. Plaintiff prayed judgment that the defendant be enjoined from disposing of any interest in the machine, invention, or patent belonging to plaintiff; that

the court decree that the defendant held an undivided three-eighths interest in the machine and invention in trust for the plaintiff; that the plaintiff had such an interest in the machine, invention, and any patent which may be issued; that the defendant be required to execute a proper conveyance; that defendant be required to account to the plaintiff for all sums received from Tamkin; and that the plaintiff have judgment for such an amount of the moneys so received as might be just.

No amendment to the answer was made or suggested. After the amendments to the complaint were made, the court made findings of fact and conclusions of law, condensed by us as follows: That on or about the 1st of October, 1897, the parties agreed that they would assist each other in the development of an idea for the construction of said machine; that, the machine being constructed, they would procure letters patent to be issued, and that each should own an undivided one-half interest in the machine, invention and patent; that the said idea was conceived by the defendant, and, the agreement having been entered into, the parties proceeded to construct the model expressing the idea conceived by the defendant; that the defendant was a machinist, and the plaintiff was not, but that he aided the plaintiff (defendant) in the construction of said machine and in putting it into operation, and procured parties to advance money so that the work could be carried on, and in all respects carried out his agreement with the defendant; that "the defendant, being the sole inventor of the said machine, has made application to the government of the United States for a patent for the same, and that his application for patent was pending at the time of the commencement of this action;" that the defendant procured the sale of a one-fourth interest to one William Tamkin for the sum of $500, which was paid to the defendant, it being agreed between the parties that "the said sum of $500 should be used in constructing a boiler to operate the said machine, and the remainder used to transport the same and the said machine and the parties hereto to the Klondike country, where they should operate the said machine;" that the defendant converted the

said $500 to his own use, and took the machine to Seattle, where he asserts he disposed of all or part of his interest in the same, and, being about to take the same to the Klondike country, and having made other arrangements, he returned to Tamkin the money obtained from him, and took from him a reconveyance of the interest formerly transferred to Tamkin. The court further found that the defendant denies that the plaintiff has any interest in the machine, invention, or patent; that the averments made by the defendant in his affirmative defense are untrue; that the plaintiff is the owner of an undivided *one-half* interest in the machine, and that the defendant holds any patent which may have been issued, and will hold any patent which may be issued, in trust for the plaintiff and himself, "each in equal parts;" that the plaintiff is entitled to a conveyance from the defendant for an undivided *one-half* interest in the invention, and in any patent which has or may be issued; that the plaintiff is entitled to an accounting from the defendant for all profits which may have been made out of said invention, and to a judgment for *one-half* of the same. Judgment was entered accordingly. A motion for new trial was duly made, and, upon a hearing thereof, was denied. At the time when the motion for a new trial was denied, the court, having discovered an error, apparently inadvertently made, in its findings and in the judgment, made the following order: "In this cause, the motion for new trial herein having been heretofore argued before, submitted to, and by court taken under advisement, court this day ordered that unless the plaintiff agree to the modification of the judgment as indicated in the opinion filed, motion for new trial would be granted. Whereupon counsel for plaintiff agreed that the judgment might be amended accordingly." The court had found that a one-fourth interest had been sold to one Tamkin by the parties to this suit, and afterwards bought from Tamkin by the defendant; and therefore the court, on reflection, concluded that it should have found that the plaintiff owned only a three-eighths, and not a one-half, interest in the invention, ma-

chine and patent, and was only entitled to three-eighths of all profits, and judgment for one-half of the said $500.

The defendant declares in his brief that the court erred: (1) In denying defendant's motion for a new trial, for the reasons (a) the court erred in overruling the motion for nonsuit; (b) the court erred in finding that the defendant was the sole inventor; (c) the court erred in finding that the plaintiff is entitled to an accounting of profits made by the defendant out of the machine and invention, and to a judgment for a one-half interest therein; (d) the court erred in finding that the plaintiff is entitled to a conveyance of an undivided *one-half* interest in the machine, invention, and patent. (2) The court erred in making amended conclusions of law. And (3) the court erred in permitting the complaint to be amended.

As to assigned error 1a, we do not find that the court erred in denying the motion for nonsuit. In the brief, counsel base their assignment of error as to the denial of said motion upon several grounds: (1) That the plaintiff and defendant were alleged by plaintiff, and by him proven, to be joint inventors, and that therefore the patent, if issued to their client, would be void, he having applied in his own name for the issuance thereof; (2) that as the patent to be issued under such application would be, as defendant says, void, the court could not declare the defendant a trustee for the plaintiff of any interest therein; (3) that it was necessary for the court to determine whether or not the plaintiff and defendant were joint inventors, and that this question can only be determined in the United States courts, in that it would be a question arising under the patent laws of the United States; (4) that "he who seeks equity must do equity," and that plaintiff does not offer to pay his share of the expenses of procuring a patent.

The first and second of these points are sufficiently discussed *infra.*

We do not consider the point as to the jurisdiction of the court well taken. No question arises here under the United States patent laws. The sole question is whether or not defend-

ant sold an interest in the invention to plaintiff. If he did, such contract of sale would be valid between the parties without any written evidence thereof. One of the purposes of this suit is to get from the defendant a written conveyance of the alleged interest of the plaintiff. It is of no concern to the defendant whether the plaintiff records such conveyance in the proper federal office, or not, after he obtains it. There is no question of infringement of the patent or of any of the rights of the plaintiff by any one except by the defendant. The state court in this case is not called upon to enforce any of the patent-right laws.

As to the fourth point under this head, we need only say that under all the circumstances of the case, as pleaded, it does not seem to have been necessary for the plaintiff to have alleged an offer to pay a proportionate part of the expense of applying for a patent in the name of the defendant. This point does not appear among the grounds of the motion for nonsuit as made to the court, and is merely stated, and not argued, in the brief.

Appellant complains and says that "the court erred in finding that the defendant was the sole inventor." (1b, *supra.*) Without commenting on the rather anomalous position taken by the defendant in complaining of a finding that he was the sole inventor of a machine for which he alone, and in his own name, is applying for a patent, without any assignment from any one, we take up the question involved. Appellant says in his brief: "In view of the allegations of the complaint, the opening statement of the attorney for the plaintiff to the jury, and the evidence introduced, the proposition that the plaintiff and defendant were joint inventors cannot be disputed." In another part of his brief it is said: "In view of all the evidence, the plaintiff and defendant were joint inventors. There is no evidence to the contrary." The complaint, as amended, alleges that the defendant was the sole inventor, and this is not denied by the defendant in his pleading, nor was any attempt made to amend the answer by denying it. It is hardly probable that a person who has applied for a patent in his own name, without holding

any assignment from any one else, would care to swear in a pleading that he was not the sole inventor. We do not find anything in the evidence of the plaintiff or any of his witnesses showing or tending to show that he suggested any improvement, or in any wise advanced any ideas which found expression in the machine, or were included in the claims of the defendant in his application for patent. It is true that the plaintiff, in his testimony, states that he assisted the defendant in developing the idea, which was apparently that of the defendant. The discussion of this point, of course, involves a consideration of alleged error No. 3, which will be considered *infra.*

As to specification 1c, *supra,* we are of the opinion that the court erred in finding that the plaintiff is entitled to an accounting of profits, and to a judgment for any interest therein. We note, of course, that the assignment refers only to the one-half interest mentioned in the judgment and findings before the same were amended; but, as to this point, it may be considered as governing the whole question as to profits. It need only be said that we do not find any allegation in the complaint that the parties were partners, and, further, there is nothing in the complaint or in the evidence to show that there were any profits. On the other hand, the complaint implies that there were none. We do not think that there is sufficient stated in the complaint to warrant any decree ordering an accounting for profits.

The alleged error 1d, to-wit, that the court erred in finding that the plaintiff was entitled to a conveyance of an undivided *one-half* interest in the machine, invention, and patent, need not be considered, for the reason that the court amended its findings, and found that the plaintiff was entitled to a conveyance of a three-eighths interest, as alleged in the amended complaint. It is not assigned that the court erred in finding any interest other than one-half, except so far as the second assignment of error, to-wit, that the court erred in making amended conclusions of law, covers the point.

Did the court err in making amended conclusions of law, as

claimed in assignment No. 2? We think not. It appears from the record that, at the time the court heard and determined the motion for a new trial, it discovered that it had inadvertently, and through obvious mistake, found that the plaintiff was entitled to a one-half interest, instead of a three-eighths interest, in the property referred to. It had overlooked the fact that a two-eighths interest had been sold by the parties to Tamkin, leaving only a three-eighths interest in the plaintiff. The court immediately, at the time above referred to, declared its intention to grant a new trial unless the plaintiff would consent to the amendment, and, the plaintiff so consenting, the motion for a new trial was denied, and the amendment made to show the facts. We do not see any error in the action of the court. Appellant has not cited any authority supporting his contention that the court erred in this behalf. In *Wunderlin* v. *Cadogan,* 75 Cal. 617, 17 Pac. 713 (at page 618, 75 Cal., and page 714, 17 Pac.), cited by appellant, the court, it is true, in passing upon the case before it, said: "The remedy for erroneous findings of fact is by motion for new trial. And the relief to be given upon such motion is the awarding of a new trial, to be had in regular course. It is not proper for the court, upon a motion of that kind, to immediately render a contrary decision. These rules rest upon the theory that the modes in which a decision may be reviewed are prescribed by statute, and that the court has no power to substitute other modes in their place." But the court, proceeding, remarked further: "The rules, however, do not prevent the court from correcting mere misprisions and orders improvidently and unintentionally entered." In *Hawxhurst* v. *Rathgeb,* 119 Cal. 531, 51 Pac. 846, 63 Am. St. Rep. 142, also cited by appellant, the supreme court, referring to the fact that the lower court had found that the defendant had not executed a certain power of attorney, and after judgment had found to the contrary, held that "after findings have been filed, and judgment entered thereon, there is but one method by which those findings can be competently changed or modified, except

perhaps, in respect of a mere clerical error or misprision." Misprision. is the act of misprising; misapprehension; misconception; mistake. The complaint in this case states, in effect, that the plaintiff was legal owner with the defendant in the property, and, as we have stated above, the two parties sold and conveyed a two-eighths interest to one Tamkin. The evidence tends to show this sale to Tamkin, which is admitted in the answer, although, of course, the defendant denies that plaintiff had any title in the property, or that plaintiff procured such sale to be made. The error of the court in making the finding that the plaintiff was entitled to a one-half interest in the property certainly was made through a misapprehension and mistake, obvious on the face of the record then before the court, and known to all the parties present at the time on the hearing of the motion for a new trial. We are not aware of any holding by this court which would require the lower court to refuse to make the correction of so apparent an error, and to put the parties to the trouble and expense of a new trial, instead of correcting its conclusions of law, as was done. Further, it is well to note the fact that in the amended findings the court declared that the plaintiff was entitled to a less interest in the property than it had found to be his in the finding before it was amended.

Assigned error No. 3 is that the court erred in permitting the complaint to be amended. We have stated *supra* what amendments were made. Amendments to pleadings should always be allowed, in the discretion of the court and in the interest of justice, upon such terms as may be just, and this may be done even after verdict and judgment, to make the pleadings correspond with the proof. (*Montana Ore Purchasing Co.* v. *Boston & Montana Con. C. & S. Mining Co.,* 27 Mont. at page 316, 70 Pac. at page 1123, and cases cited.) In this case the amendments appear to have been made before judgment, after the motion for a nonsuit had been denied. It does not appear that any hardship was worked to the defendant, or that he was in any wise surprised by the action of the court in allowing the amendments. The one question in the case is whether the de-

fendant was at the time of the commencement of the action trustee for the plaintiff for a three-eighths interest in the invention and patent rights, and one-half interest in the said $500, under an agreement between the parties. The amendment of which the defendant seriously complains was that by which the averment of the original complaint, to the effect that the parties agreed "that they would apply for and procure to be issued to them letters patent," was modified to read "that they would apply for and procure to be issued letters patent." The alleged agreement as to the ownership was not changed, in our opinion, by the alteration made. The alleged object was to get a patent for the use of the parties, and, if counsel had mistakenly put into the complaint an averment that "they" would apply for and procure to be issued to them letters patent, whereas the unlearned plaintiff had understood that the defendant was to procure the patent in his own name for the use of both, he assuming that the patent thus was to be issued to them—it not being unusual for persons engaged in business together to have all or part of the property of the concern in the name of one of the parties—the amendment would not be improper. Under the evidence and the pleadings, we do not see any material or radical change, working injury to the defendant, in this amendment, and we do not see that the issue was changed.

Our attention is not called to the fact that the court decreed that the plaintiff should recover $250 of the defendant—said sum being one-half of the $500, which, according to the alleged agreement, was to be used for a certain purpose by both parties —whereas the court seems to have considered the sum of $500 to be a trust fund held by defendant for himself and plaintiff. No error of the court in this behalf having been assigned or treated by defendant in his brief, we do not express any opinion as to the decree so far as it refers to the said sum of $250.

The decree of the court below is modified in accordance with the views expressed in this opinion as to the matter of profits, and, as thus modified, is affirmed.

*Modified and affirmed.*