[Civ. No. 4816.  Second Appellate District, Division One.—August 13, 1927.]

LEEANNA M. HUME, Respondent, v. ALBERT L. LINDHOLM, Appellant.

Luter, Barry & Kinder for Appellant.

Nolan, Rohe & Freston and Ralph E. Lewis for Respondent.

YORK, J.—The defendant has appealed from the judgment rendered against him and from an order denying his motion to set aside the judgment. Because of another appeal by plaintiff, it may avoid confusion if we refer to the parties to this appeal as plaintiff and defendant.

The action is for money due on contract. A decision was announced by the trial court in favor of plaintiff on submission of the case on May 23, 1922, and plaintiff's attor-

neys were directed to prepare findings. The decision announced from the bench was "in favor of plaintiff and against the defendant for the sum claimed." The sum claimed was $800.40, with interest at seven per cent per annum from July 30, 1921.

But the findings of fact and conclusions of law were not filed until August 16, 1922. Those findings declared, among other things, that under the terms of a certain contract between plaintiff and defendant, the defendant promised to pay plaintiff $800.40, with interest at seven per cent per annum from July 30, 1921—that the defendant in attempting to liquidate his said indebtedness to plaintiff delivered to her a grant deed dated August 11, 1921, purporting to convey to her certain described real estate; that plaintiff never accepted said deed "nor recorded same, but still has possession thereof"; that no part of said $800.40 has been paid or any interest thereon.

As conclusions of law the court found that plaintiff was entitled to judgment against the defendant for the sum of $800.40, together with interest thereon at the rate of seven per cent per annum from July 30, 1921, "upon condition that plaintiff surrender and deliver up to the clerk of this court for cancellation the deed hereinabove described within twenty days from the date hereof; that defendant is entitled to judgment against plaintiff; that plaintiff has no right, title, or interest in or to the real property described in said deed."

On the twenty-sixth day of March, 1924, a judgment was entered on said findings and legal conclusions in accordance therewith, except that said judgment was "upon condition that plaintiff surrender and deliver up to the clerk of this court for cancellation upon the filing of this judgment a certain grant deed dated August 11, 1921, wherein defendant is named as grantor and plaintiff as grantee, and that the said finding of fact and conclusion of law imposing the condition 'that said deed above mentioned be delivered within twenty days from the date of said findings, be and the same is hereby amended so as to permit the delivery of said deed to the clerk . . . for cancellation upon the filing of the judgment.' " The judgment quiets defendant's title to the land described in the deed as provided in said conclusions of law originally filed. The deed was filed with

the clerk in accordance with said judgment. The defendant on May 2, 1924, served and filed a notice of motion to set aside said judgment on the ground that said deed was not delivered to the clerk of said superior court within the said period of twenty days and not until March 24, 1924—that defendant was not given any notice of said amendment of said findings of fact and conclusions of law and of the signing of said judgment until April 29, 1924—that subsequent to the expiration of twenty days after March 21, 1922, said property had been sold for taxes and said property had greatly depreciated in value—that interest had accrued on said sum of $800.40—that plaintiff by not depositing said deed with the clerk for cancellation within the time specified in said findings and legal conclusions made on August 16, 1922, became estopped to have said findings and conclusions amended; also, that plaintiff by not filing said deed with the clerk had elected to accept the same in satisfaction of said claim.

The motion to set aside the judgment was denied on May 14, 1924. On May 24, 1924, defendant served and filed a notice of appeal to this court from said judgment and from the order denying defendant's motion to set aside said judgment. On the same day the defendant requested of the clerk of the superior court a transcript of the testimony offered or taken on said trial and on said motion to set aside the judgment. The transcripts were prepared and certified.

Plaintiff contends that said transcript on said appeal from the judgment and from said order, not having been requested within ten days of the defendant's notice of entry of judgment, should not be considered on the appeal from the judgment. Defendant shows that the transcript was requested within ten days from the time when plaintiff served notice of entry of judgment, and contends that the service *only* of that notice fixed the time from which the ten days provided in section 953a of the Code of Civil Procedure, commenced to run.

The affidavit of defendant filed on May 2, 1924, in support of his motion to vacate the judgment shows that he had at that time actual notice of the entry of the judgment. Defendant's request for a transcript having been made more than ten days after said actual notice, we hold that the

request for the reporter's transcript was not made within the statutory time as to the judgment, and, therefore, cannot be considered as a part of the record on which to consider said appeal from the judgment. (*Spear* v. *Monroe,* 181 Cal. 728 [186 Pac. 149]; *Brown* v. *Superior Court,* 175 Cal. 141 [165 Pac. 429].)

■ But on the denial of the motion to vacate the judgment there are two certified transcripts, one by the judge who tried the case and the other by another judge who denied the motion. We have before us a sufficient record for the consideration of the appeal from the order denying the motion to vacate the judgment. Defendant's appeal from that order is based principally upon his contention that the trial court had no right to modify the legal conclusion wherein a condition was imposed that plaintiff should surrender said deed for cancellation within twenty days from the filing of the findings of fact and conclusions of law, without notice to defendant.

■ The findings of fact and conclusions of law did not constitute a judgment. "In no case is a judgment effectual for any purpose" until it has been entered. (Sec. 664, Code Civ. Proc.) ■ Legal conclusions, before the entry of a judgment, remain subject to change by the trial court. It is within the power of the court of its own motion to change them. Should a judge conclude before the entry of a judgment that the conclusions of law are erroneous, it is not only his right, but his duty in the proper administration of justice to change them to conform to the law in accordance with the facts found. (14 Cal. Jur., p. 938; *Consolidated Const. Co.* v. *Pacific Electric Ry. Co.,* 184 Cal. 244, 249 [193 Pac. 238].)

■ While the entry of the judgment should have been made immediately upon the filing of the findings of fact and conclusions of law (sec. 664, Code Civ. Proc.), that law is directory only, and the judgment can be entered thereafter. Although neglect to enter judgments should not be encouraged, the court does not lose jurisdiction to order a judgment entered long after that time as was done in this case. Furthermore, the findings determined that the deed had not been recorded and was not accepted by plaintiff, and that the plaintiff had no interest in the land described therein.

█ The contention of appellant that the court erred in modifying its legal conclusions as to the time of required surrender of the deed without notice to him cannot be sustained. Under such circumstances, the court has the inherent right to correct those legal conclusions. The case of *Wunderlin* v. *Cadogan*, 75 Cal. 617 [17 Pac. 713], cited by appellant is not in point. █ It is true that findings of fact cannot be changed in a material manner without notice. The case of *Crim* v. *Kessing*, 89 Cal. 478 [23 Am. St. Rep. 491, 26 Pac. 1074], is more nearly in point. In that case, although the findings of fact and conclusions of law are referred to as a "decision" and a "judgment," it is not held that they were conclusive on the inherent powers of the court until the entry of the judgment. Indeed, this position is made clear by the supreme court in the statement on page 486 of the opinion in that case wherein the court says: "All courts of record have the inherent power to correct their records so that they shall conform to the actual facts, and speak the truth of the case; and such correction may be made at any time, either upon the motion of the court itself, or at the instance of any party interested." In that case, the judgment entered required the sale of mortgaged property although not provided for in the findings. (*Condee* v. *Burton*, 62 Cal. 1.)

Here no findings of fact were changed. Indeed, no change was made in the legal conclusions touching the merits of the action. The surrender of the deed was required and was made. The plaintiff had judgment for $800.40 and defendant had a judgment quieting his title to the land, and it is apparent from the testimony he could have had the deed at any time on requesting it from Mr. Nolan, plaintiff's attorney.

█ The further point made by appellant that by respondent retaining said deed for one year and seven months and apparently accepting the same, and permitting said property to be sold for taxes, that respondent was therefore estopped from having any modification from the legal conclusions is inconsistent with the facts. The court found that defendant was indebted to plaintiff in the sum of $800.40, and that plaintiff had not accepted said deed and owned no right, title, or interest in or to the property therein described, and ordered defendant's title to the property

described in the deed quieted. It was therefore the duty of defendant, and not plaintiff, to pay the taxes, and he is blaming her for his own neglect.

The case of *Wunderlin* v. *Cadogan*, 75 Cal. 617 [17 Pac. 713], cited by appellant in support of his contention that the findings cannot be changed without notice to him, is not in point. In that case the change was one of findings of fact and not to supply an omission in the findings first filed, or change the direction for judgment, but was to substitute one set of findings for another.

█ Although defendant asks for a reversal of the judgment in his closing brief, there has been no argument in support of that appeal. Inasmuch as it was his duty to inform this court of any errors affecting the judgment, if there were any, and he has not done so, the judgment is affirmed. Also for the reasons herein set forth, the order denying the motion to set aside the judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.