[Civ. No. 400.  Fourth Appellate District.—April 13, 1933.]

MARIA  RAMACCIOTTI, Appellant,  v.  GUESSEPPE RAMACCIOTTI, Respondent.

John L. McVey, M. Martino and David E. Peckinpah for Appellant.

B. W. Gearhart and Lindsay & Gearhart for Respondent.

CAMPBELL, J., *pro tem.*—This is an appeal from a judgment and order denying a motion made by appellant to set aside and vacate an interlocutory decree of divorce made, rendered and entered in the court below. This decree, together with the findings of fact and conclusions of law in the case, were prepared by appellant through her attorneys at that time. The findings, conclusions and decree were signed by the court at the request of appellant and were filed in the regular way. The appellant now, through substituted attorneys, complains that the decree, as entered, is absolutely void on its face, and is a mere nullity by reason of certain defects of form. The decree complained of is dated December 10, 1929, and on December 8, 1930, appellant served upon the attorneys for respondent a notice of motion to set aside the decree, which motion came on regularly for hearing on December 19, 1930, following which the motion was denied and this appeal follows.

No motion for new trial was ever made by either of the parties to the action, no appeal from the interlocutory decree of divorce was ever taken, and this appeal comes to us on the judgment-roll alone. The portion of the interlocutory

decree complained of by appellant is as follows: " . . . It is ordered, adjudged and decreed that an interlocutory judgment in the above entitled action is hereby entered, and that after the expiration of one year from the filing of this interlocutory decree a final decree be entered herein dissolving the marriage between plaintiff and defendant and relieving each of them from all of the obligations thereof." Examining the record on appeal we find that appellant filed a complaint wherein she alleged that she and respondent were the owners of certain real and personal property; also that respondent was guilty of extreme cruelty, setting out certain specific acts. Respondent answered this complaint but did not file a cross-complaint. Thereafter the issues being joined, a trial was had, and from the findings of fact we may draw the conclusion that plaintiff was present in court, represented by counsel; that defendant was not present in court, but was represented by counsel and that appellant introduced evidence in support of her complaint. Thereafter the court found, among other things: "That the said defendant has been guilty of extreme cruelty toward plaintiff in that the defendant has on various occasions during the married life of plaintiff and defendant struck the said plaintiff . . . " As a conclusion of law the court found: "That plaintiff is entitled to a decree of divorce dissolving the marriage between plaintiff and defendant and that upon the expiration of one year from the date of the entering of the interlocutory decree a final decree should be entered in this action." The court also found all of the real and personal property described in plaintiff's complaint to be the sole and separate property of the defendant save and except three promissory notes of the value of $1100, which were found to be community property. In the conclusions of law the court awarded all of the property described in the complaint to the respondent.

Appellant contends that the purported interlocutory decree is void for the reason that it does not conform to the requirements of the code in that it does not adjudge in whose favor a divorce, if any, was awarded, nor the grounds upon which the same was awarded. The grounds upon which the appellant sought to have the interlocutory decree vacated and set aside are not very clearly stated in the notice of motion,

but as nearly as we can understand it, the notice attempted to set forth at least four such grounds which may be briefly summarized as follows: (1) That the decree does not show in favor of which party to the action it was rendered; (2) that it does not show upon what grounds the divorce was rendered; (3) that it does not sufficiently describe the real property set aside to the respondent; and (4) that the decree awarded all of the property involved in the action to respondent notwithstanding the court found that a portion of the personal property was the community property of the parties, and that appellant herein, being the innocent party and the divorce having been granted on the grounds of extreme cruelty, was entitled under the law to more than one-half of the community personal property. Section 131 of the Civil Code provides as follows: ''In actions for divorce, the court must file its decision and conclusions of law as in other cases, and if it determines that no divorce shall be granted, final judgment must thereupon be entered accordingly. If it determines that the divorce ought to be granted, an interlocutory judgment must be entered, declaring that the party in whose favor the court decides is entitled to a divorce. After the entry of the interlocutory judgment, neither party shall have the right to dismiss the action without the consent of the other.''

Section 146 of the Civil Code provides: '' . . . If the decree be rendered on the ground of adultery, or extreme cruelty, the community property shall be assigned to the respective parties in such proportions as the court, from all the facts of the case, and the condition of the parties, may deem just.''

▋Appellant contends that the decree is void. With this contention we do not agree. Section 632 of the Code of Civil Procedure provides that ''Upon the trial of a question of fact by the court its decision must be given in writing and filed with the clerk within 30 days after the cause is submitted for decision.'' Section 633, immediately following, provides: ''In giving the decision, the facts found and the conclusions of law must be separately stated. Judgment upon the decision must be entered accordingly.''

It follows that the sufficiency of the judgment or decree in any case does not depend alone upon the matters which appear on the face of the formal judgment or decree, but

upon the matters contained in the findings of fact and conclusions of law which are the basis of the decree or judgment. While the findings of fact and conclusions of law are not the judgment itself, they nevertheless, when signed and filed, constitute the rendition of decision on the part of the court. By reference to the findings of fact and conclusions of law in this case, as we have already pointed out, any doubt as to which of the parties was awarded the interlocutory decree is instantly removed. Reading together the findings of fact and conclusions of law and the decree the latter plainly provides that the interlocutory decree of divorce was rendered in favor of the plaintiff and against the defendant. The judgment is certainly not absolutely void because of uncertainty in this respect from all that appears on the face of the isolated decree. ■ We know of no rule of law, nor are we cited to any by appellant, which requires the interlocutory decree in a divorce action to set forth the ground or grounds on which it was awarded. There is nothing in section 131 of the Civil Code which requires an interlocutory decree to state the ground or grounds of divorce.

■ Appellant's next contention is that the description of the real property involved is insufficient. Appellant first adopted the description complained of in her complaint, and respondent carried it through his answer and adopted the same general descriptions used by plaintiff. The descriptions are general and might prove insufficient for some purposes, but they are clear enough to indicate without doubt what parcels of real property were awarded to the respondent. Any uncertainties that may exist in the descriptions were first asserted by appellant and she cannot now be heard to complain.

■ Appellant complains that respondent was awarded all of the community property and assigns this as error and declares that she should receive more than one-half of the community property. We are not unmindful of the fact that in certain of the cases cited by appellant, such as *Thomsen v. Thomsen*, 31 Cal. App. 185 [159 Pac. 1054], this court has held that it is the duty of the trial court to award the innocent party in divorce cases half or more than half of the community property when the divorce is for cruelty. Also, in the case of *McKannay v. McKannay*, 68 Cal. App.

701 [230 Pac. 214], it was held that in divorce cases based on the ground of cruelty, a prevailing and innocent party should be awarded at least one-half of the community property.

We have examined the cases cited by appellant supporting this theory and find them all to be cases in which appeals have been taken and the evidence introduced at the trial sent up for review on appeal. In that line of decisions the higher courts have uniformly held in substance that, all other things being equal, the prevailing party should be awarded at least one-half the community property when the grounds of divorce are extreme cruelty or adultery.

The appeal in the instant case is taken on the judgment-roll alone. There is no bill of exceptions or transcript showing what evidence was introduced at the trial of the action in the lower court. The record shows that appellant was present with her counsel and that respondent was absent, but was represented by counsel. From the scanty record on appeal we may conclude that this action was handled no differently from any number of other divorce actions. In this case, and throughout the entire proceedings, the respective parties were represented by highly reputable counsel. The reasons that caused respondent to absent himself from the trial are not before us. The stipulations, if any, between counsel, are not in the record. The agreement as to property rights, if any, is lacking. Section 146 of the Civil Code, *supra,* vests in the trial court in such cases a very broad discretion. The testimony in this case is not before us, but it no doubt revealed very persuasive reasons why the lower court should, in its discretion, have awarded all of the community property to the respondent, notwithstanding he apparently was the party at fault in the divorce action. The record is silent as to the evidence, stipulations or agreements, if any, that actuated the trial court in its decision. Hence we are not in position to say that the trial court abused its discretion in awarding all of the community property to the respondent. In the absence of the testimony taken at the trial, all presumptions must be in favor of the validity of the judgment and it is conclusively presumed that the evidence warranted the decree setting aside all of the community personal property to the respondent.

■ The insufficiency of the evidence to support the judgment in any case will not be reviewed in the absence of a transcript or bill of exceptions (*Estate of Shirey*, 167 Cal. 193 [138 Pac. 994]; *Estate of Brown*, 143 Cal. 450 [77 Pac. 160]; *O'Connell* v. *Behan*, 19 Cal. App. 111 [124 Pac. 1038].) ■ The court, under section 146 of the Civil Code, *supra*, had jurisdiction and power to determine how the community property of the parties should be apportioned between them. Such jurisdiction and power is expressly given to the court by the code section referred to. If it be shown in any case that the court abused its discretion in the exercise of its power or jurisdiction, then its decision will be subject to review upon appeal. However, such a review cannot be had in a proceeding of this character.

The judgment is affirmed.

Barnard, P. J., and Marks, J., concurred.