[Civ. No. 7999.   Third Dist.   Feb. 7, 1952.]

GERTRUDE HAMILTON, Appellant, v. JOHN S. HAMILTON, Respondent.

A. M. Mull for Appellant.

Emerson W. Reed for Respondent.

PEEK, J.—This is an appeal by plaintiff wife from a judgment in favor of defendant husband in an action on a promissory note and for money alleged to have been furnished by her to him at his special instance and request.

The present action is the third of a series between the parties, in each of which the wife has been represented by different counsel. The first was an action for divorce filed by her on September 2, 1948. On the same date a property settlement agreement was entered into whereby the husband agreed to assume and pay ''an undetermined amount of indebtedness''

to a number of creditors. The wife waived all right and interest in certain life insurance policies on the life of the husband and further waived any claims she might have against the husband for alimony or support, including any interest in his earnings and estate. The husband on his part waived all interest in the personal property of the parties and executed and delivered to the wife a grant deed covering the community property set forth in the complaint. Shortly thereafter the parties became reconciled and on December 23, 1948, the action was dismissed. But on February 23, 1949, a second action for divorce was instituted, this time by the husband against the wife upon the ground of extreme cruelty and alleged that the parties owned certain community property. He further alleged that his wife was a trained businesswoman capable of supporting herself. By her answer the wife denied generally the allegations of cruelty, alleged that there was additional community property and by a cross-complaint sought the recovery of the sum of $684, represented by a promissory note executed by the husband and delivered to her, and in a second cause of action sought further recovery of the sum of $3,250 alleged to have been her separate property, which she alleged had been converted by the husband to his own use. Her cross-complaint concluded with the allegation that she was without funds to support herself or to prosecute her case and prayed for judgment accordingly. At the conclusion of the trial the court found that by an agreement in writing the parties had settled their respective rights in and to the community property; that the husband had not paid said promissory note; that he had not paid certain indebtedness referred to in the property settlement agreement, and that there was still owing from him "to various and sundry creditors the balance thereof," all of which he was bound to pay to keep the wife harmless therefrom. The court further found that the husband did not convert the sum of $3,250 to his own use, but that said sum was the amount received from the sale of the community property "which had been disposed of in connection with the Property Settlement Agreement." The interlocutory decree which was thereafter entered made no mention of the property settlement agreement. It merely provided that the wife was entitled to a divorce, that the husband should pay attorney's fees and court costs as therein set forth, and that he should pay the wife alimony in the sum of $100 per month for 24 months. No action was

taken by the wife to vacate said judgment or to amend the same to conform to the findings.

Thereafter, on March 30, 1949, the wife instituted the present proceedings, wherein she alleged the note above mentioned was still due and unpaid, and as a second cause of action alleged she had furnished to the husband at his request the sum of $4,856.16 which he had refused to repay. The husband by his answer admitted the execution of the note as a part of the property settlement agreement and further alleged that the agreement was thereafter abandoned when the parties resumed their marital status following her original action for divorce and that the wife had agreed to destroy the note and had stated she had done so. In answer to her second cause of action he denied being indebted to her in the sum alleged or in any other sum and alleged that the subject matter contained in said cause of action had been adjudicated in the prior divorce proceeding.

The cause proceeded to trial and at the conclusion thereof the trial judge in his memorandum opinion and in comment on the evidence noted the conflict between the findings and judgment in the prior divorce proceedings, remarking that said findings went no further than to say that a property settlement had been entered into between the parties; that he would consider the absence of anything in the judgment relative to said agreement as an implied finding that the parties by their conduct had rescinded such agreement and that the promissory note here in issue was thereby canceled, and that in regard to the wife's claim for the sum of $4,856.16 the judge observed that the items on which said claim was predicated were only vaguely described, that there was no convincing proof that the husband had agreed to repay such sums, and that to the contrary, the proof appeared to be that said items consisted of checks made out in the ordinary course of the operation of their community affairs. The findings which were thereafter filed were to the same effect and judgment was entered accordingly.

The wife now contends on appeal that the findings of fact and conclusions of law in the second divorce proceeding (the one instituted by the husband) constituted the decision of the court and therefore the matters found therein are res judicata in the present proceedings and hence the trial court in the instant proceeding committed prejudicial error in allowing the husband to attack said findings and conclusions in this proceeding.

We find no merit in the wife's first contention. In the case of *San Diego Inv. Co.* v. *Crane,* 40 Cal.App. 393 [180 P. 837], the appeal was from "the judgment entered" in the trial court. The District Court commented that in its examination of the record it could find no judgment and concluded that, under such circumstances, it was impossible to determine to what appellant referred by the words "the judgment entered" unless it was to the findings and conclusions of law, which the court said "do not constitute a judgment." Again, it was held in *Hume* v. *Lindholm,* 85 Cal.App. 80, 84 [258 P. 1003], that "the findings of fact and conclusions of law did not constitute a judgment." These cases follow the general rule set forth in 1 Freeman on Judgments, 5th ed., page 6, section 3, wherein the text writer states:

"There is a distinction between the findings and conclusions of a court and its judgment. While they may constitute its decision and amount to the rendition of a judgment they are not the judgment itself. They amount to nothing more than an order for judgment, which must, of course, be distinguished from the judgment."

It necessarily follows that since the trial court in the second divorce case did not carry the findings and conclusions into the interlocutory judgment that judgment was not res judicata on the question of the note, and hence the trial court in the present proceedings had jurisdiction to hear and determine, as it did, that the note had been canceled by the parties.

The second contention of the appellant is likewise without merit. While it is true, as she argues, the property settlement agreement did mention "an undetermined amount of indebtedness" owing by the parties "to a number of creditors," it is also true that the court in its findings in that proceeding did find that the husband had not paid such amounts and that there was still "due, owing and unpaid . . . to various and sundry creditors the balance thereof," but it is also true the judgment of the trial court therein made neither itemization nor mention of such indebtedness. Again it necessarily follows that the rule herein enunciated relative to the cause of action predicated upon the alleged past due promissory note is equally applicable to the question raised by the wife as regards the sum of money she now contends is owing by the husband. ■ Furthermore, it should be noted that, since the evidence in the present proceeding is not before us, "all presumptions must be in favor of the validity of the judgment and it is conclusively presumed that the evidence warranted"

(*Ramacciotti* v. *Ramacciotti*, 131 Cal.App. 191, 196 [20 P.2d 961]), the decree as entered by the trial court. (See, also, 2 Cal.Jur., § 395, p. 689.)

The judgment is affirmed.

Adams, P. J., and Van Dyke, J., concurred.