[Civ. No. 9521. Third Dist. June 4, 1959.]

ORSON A. MOODY, JR., Respondent, v. VESTA V. MOODY, Appellant.

John A. Young for Appellant.

Wilke, Fleury & Sapunor for Respondent.

WARNE, J. pro tem.*—This is an appeal from an interlocutory decree in an action for partition.

At the time of filing this action the record shows that the parties were husband and wife. However in March, 1956, the wife (appellant) commenced an action for divorce, and the husband (respondent herein) answered and also cross-complained for divorce. After a contested trial, the court entered its interlocutory decree awarding a divorce to the husband and settling the separate and community property rights of the parties.

In her amended and supplemental complaint in the divorce action the appellant, among other things, alleged that in the purchase of the real property involved herein she contributed the sum of $14,134.29 of her own separate funds which were in her possession at the time of her marriage to respondent; and "which said funds were her sole and separate property and not community property." In the prayer of her complaint she prayed: "For a decree awarding plaintiff as her separate property the sum of $14,134.29 as her contribution to the acquisition of the community property and for such other division of the community real and personal property as the court may seem [sic] just and equitable."

The answer and cross-complaint of respondent contro-

*Assigned by Chairman of Judicial Council.

verted the allegations of the wife's complaint, and thus the question of whether appellant had contributed $14,134.29 of her separate funds towards the purchase of the property became an issue in the divorce action.

The trial court found that all of the real property of the parties was owned by them as joint tenants as their separate property and that appellant had not contributed any sums whatever of separate property to the acquisition of any of the properties owned by the parties. The interlocutory decree of divorce decreed, among other things, that all of the property described in the complaint ''is the separate property of the parties and is owned and held by them as joint tenants.'' It further provided ''that defendant and cross-complainant [respondent] pay to plaintiff and cross-defendant [appellant] the sum of $3,850.00 cash.'' However the finding that appellant had not contributed $14,134.29 of her separate funds towards the purchase price of the property was not carried into the interlocutory decree.

Thereafter respondent brought the instant action to partition the three parcels of real property decreed in the divorce action to be separate property owned by respondent and appellant as joint tenants. Appellant's answer to the complaint in partition admits that the parties owned the parcels of land involved as joint tenants but denied that their interest in the Lincoln Ranch in Placer County, one of said parcels of land, was equal and by way of cross-complaint alleged that there was used to purchase the Lincoln Ranch property approximately $14,000 of her separate funds. She prayed that she be granted a decree establishing that the respondent holds said property in trust for her to the extent of $14,000. The allegations of the cross-complaint were denied by respondent and as an affirmative defense respondent pleaded the findings and decree in the divorce action by way of a bar and estoppel. Over objection, the trial court admitted into evidence the entire file in the divorce action including the findings and interlocutory decree. Also over objection of the respondent, the court refused to receive any testimony relative to appellant's claimed contribution of her separate funds towards the purchase of the Lincoln Ranch upon the ground that the issue of appellant's alleged contribution of $14,000 had already been determined in the divorce action and that the same could not be again litigated in the partition suit. The interlocutory decree in partition found against appellant's claimed contribution towards the

purchase of the Lincoln Ranch property, found that each of the parties was the owner of an undivided one-half interest in all three parcels of real property and decreed the partition thereof.

It is admitted that the $14,134.29 contribution was an issue in the divorce action and is the same $14,000 contribution alleged in, and the subject matter of, the cross-complaint in the partition action. However appellant contends that since the interlocutory decree of divorce is silent as to the question of her alleged contribution, resort cannot be had to the findings to support the plea of res judicata.

In *Steiner* v. *Thomas*, 94 Cal.App.2d 655, 659-660 [211 P.2d 321], the court said: "A judgment estops the plaintiff from maintaining a subsequent action between the same parties, not only as to the issues raised but also as to every other issue that might properly have been litigated. The estoppel is effective not only where the grounds for recovery in the second action are identical with those pleaded in the first which he failed to prove but he is likewise barred where he failed to allege those grounds in his first suit. (*Panos* v. *Great Western Packing Co.*, 21 Cal.2d 636, 638 [134 P.2d 242] ; *Sutphin* v. *Speik*, 15 Cal.2d 195, 202 [99 P.2d 652, 101 P.2d 497] ; *Slater* v. *Shell Oil Co.*, 58 Cal.App.2d 864, 868 [137 P.2d 713] ; Rest. Law of Judgments, § 63a.)"

And, as stated in *Basore* v. *Metropolitan Trust Co.*, 105 Cal.App.2d 834, 838-839 [234 P.2d 296] :

"A complete answer to appellant's . . . contention that the trial court could not consider the findings in ascertaining the issues determined by the prior judgment is found in the case of *Sutphin* v. *Speik*, 15 Cal.2d 195, 201 [99 P.2d 62, 101 P.2d 497] wherein the court held:

" 'It is clear from an examination of the findings and judgment therein that plaintiff was adjudged in the prior action to be entitled to his percentage of the production of any wells then drilled on the particular premises regardless of where the wells were bottomed, or the source of the oil delivered by them. *The suggestion made by the defendant that the "judgment alone should be considered and the findings disregarded if outside the scope of the judgment" can have no force in view of the settled rule that the findings constitute the decision of the court.'* (Italics added.)

". . . The former action, therefore, constitutes a bar to the instant one which seeks to revive the issues settled in the first proceeding, or, at most, to raise issues that might have

been raised in the first action. In either event, the former judgment is res judicata in the present action. (*Olwell* v. *Hopkins*, 28 Cal.2d 147, 151 [168 P.2d 972].)''

Applying the above rules to the instant case the judgment is correct. The question of appellant's claimed contribution towards the purchase of the Lincoln Ranch property was an issue formed by the pleadings in the divorce action and a finding upon that issue was necessary to an adjudication of the property rights of the parties, and the contention made by appellant that the judgment alone should be considered because the findings were not carried into it ''can have no force in view of the settled rule that the findings constitute the decision of the court.'' The findings in the divorce action clearly show that the issue was adjudicated therein and constitute a bar in the instant action of an issue which appellant seeks to revive in these proceedings or, at most to raise an issue that might have been raised in the first action. (*Olwell* v. *Hopkins, supra*; *Basore* v. *Metropolitan Trust Co., supra*.)

The authorities cited by appellant (*Estate of Lounsberry*, 149 Cal.App.2d 857 [309 P.2d 554], and *Hamilton* v. *Hamilton*, 109 Cal.App.2d 145 [240 P.2d 14]) in support of her contention that the findings are to be disregarded because they were not carried into the judgment are not controlling in the instant case. In the Lounsberry case the plaintiff attempted to introduce into evidence as res judicata one of the issues raised in said action, i.e., a finding of fact by the trial court in a prior action between the same parties. The court in the latter action refused to admit the finding into evidence. The prior action was one to set aside a deed in conveyance upon two different grounds, one being the ground of undue influence and the other being the ground of abuse of a certain power of attorney granted by decedent to the defendant in said action. The judgment was responsive to said cause of action, but the findings of fact in question went beyond the issues and found that certain false and fraudulent promises and representations had been made to defendant without the intent of performing the same. The plaintiff argued that said findings in the prior action would estop defendant in the latter action from denying that his promises were made without the intention to perform. This court stated at pages 861-862: ''It is to be noted that the first count places no reliance upon and contains no allegations of fraudulent representations. It is also to be noted that the allegations

of fraud in the second count are wholly immaterial to the cause of action therein stated. That cause of action depends wholly upon the fraudulent use by Lounsberry of a power of attorney whereby he obtained decedent's property. It made no difference how he obtained the power of attorney. Whether he got it honestly or induced its execution fraudulently neither added to, nor detracted from, the right of the administrator to compel him to turn in to the estate any sums of decedent's obtained by him by use of the power. The result is that the findings of fact concerning false and fraudulent representations consisting of promises made without intention of performing the same were wholly unnecessary to the decision of the court in the cause." Briefly, the case holds that where a finding of fact is entirely without the issues raised by the pleadings and is not necessary to support the judgment, such finding of fact is not a conclusive adjudication of the fact contained in such findings. The Hamilton case, like the Lounsberry case, holds only that a finding of fact that is not essential to or covered by the subject matter of the actual judgment itself, is not conclusive upon the parties in later litigation.

The instant case is quite different from the Lounsberry and Hamilton cases. In the divorce action the question of appellant's claimed contribution was an issue positively framed by the pleadings, and of necessity it must have been decided by the court in its adjudication of the property rights of the parties. The interlocutory decree of divorce in said action defined which property of the parties was separate property and which was community property, declared the interest of the parties in said separate property to be equal as joint tenants, distributed the community property between the parties, awarded the wife a money judgment against her husband for $3,850 and fixed the obligation of the husband for the support of his wife and children. The parties were settling all of their property rights and the interlocutory decree purported to determine and settle all of their property rights. "Matters which follow by necessary and inevitable inference from an adjudication because the judgment could not have been rendered without determining them are as effectually concluded thereby as those specifically and in terms adjudicated." (2 Freeman on Judgments, 5th Ed., § 693.)

The judgment is affirmed.

Peek, Acting P. J., and Schottky, J., concurred.